AUGUSTUS L. WALKER, Plaintiff in Error, *v.* GEORGE ARMOUR, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

In an action of ejectment, where the party has the statutory right to a new trial on payment of costs, a new trial at common law will not so readily be granted in any case, and especially because of the absence of counsel.

The want of a similiter in actions of ejectment, is cured by a verdict, or the defendant may add it if he chooses, as a matter of form. The plea of not guilty is the issue.

Affidavits may be read or proof heard, to show that words have been improperly stricken from a judgment; but not to falsify a record by showing that an alteration correcting it, was improperly made.

THIS was an action in ejectment, in the Cook County Court of Common Pleas, 1857, claiming ownership in fee of a lot in the original town of Chicago. Plea, general issue.

Jury sworn, and verdict for plaintiff: " We, the jury, find defendant guilty, in manner and form as alleged in the plaintiff's nar., *of withholding from plaintiff the possession of the premises described* with the appurtenances."

Judgment on the verdict: " That plaintiff do have and recover of *defendant possession of the premises.* That he have a writ of possession, etc., costs, etc."

There was a motion to set aside verdict and judgment, and for a new trial at any time court might appoint, founded upon the following affidavit:

Affidavit of Arthur W. Windett, dated October 8, 1858, states that affiant, for a year past, has been defendant's attorney in this case; that he had fully prepared and was ready for trial at this time; that he was absent from the city on Saturday, to fulfill an engagement made three weeks before, and fixed for that day, on the supposition and in the belief, that before that time this case would be reached and tried. Affiant made arrangements to return to the city by the Saturday night Burlington express train; engaged a man to call him and to signal the train; that the man so engaged, neglected to provide himself with a lamp to give the signal, although affiant was ready to take the cars if they had stopped. Affiant's next means of getting back, was by the regular Monday morning train, leaving the depot at Bristol at seven in the morning, and getting back to Chicago at eleven A. M., by which affiant proposed to go back; but that train was taken off the road the day before, and was not run any more for that season. Affiant had no other means of getting back till the afternoon of Monday, the day the case was called, and tried in his absence. Affiant made every effort in his power, and in good

faith, to return to Chicago by Sunday morning, and was only prevented from doing so by accident and the misconduct of the party he employed.

States that he had fully prepared for the trial; was sole counsel, alone had the necessary papers and title deeds; that defendant has a good legal title; that the case is one of great importance, and will produce hardship if a new trial is not granted. Affiant offers to try the case at the present term of court, whenever required.

Motion to set aside verdict and judgment, overruled.

A. W. WINDETT, for Plaintiff in Error.

SCATES, MCALLISTER & JEWETT, for Defendant in Error.

BREESE, J. This was an application to grant a new trial, as at common law, in an action of ejectment, on the affidavit of the counsel in the cause, which the court denied, and exception taken and an appeal to this court. The record of the cause shows that the defendant had notice and appeared by the affiant as his attorney. The cause was tried by a jury and a verdict rendered for the plaintiff.

It might be possible, had the judgment been entered by default, the court would, on the affidavit filed, set it aside and let in the party to make his defense; but where there has been a trial on the merits, and the statute allowing a new trial as of course, if the application is made within one year after entering the verdict and judgment, on the payment of costs, we see no necessity or propriety for the application as made. Nor do we think the reasons stated in the affidavit, sufficient to authorize a new trial. They would not have continued the cause on application for that purpose. The court therefore, did right in refusing the application.

It is also objected, that the similiter was not added to the plea of not guilty before the trial. This is certainly, if at all necessary, cured by the verdict. *Waters* v. *Simpson*, 2 Gilm. R. 577. In our practice, the plea of not guilty is the issue, and so understood, and the similiter a mere form, which the defendant may add if he chooses. If the plaintiff takes action in the case, after the general issue pleaded, the want of a similiter is never considered ground of error. *Williams* v. *Brunton*, 3 Gilm. R. 625. It is objected also, that the verdict and judgment does not find the quantity of estate the successful party had in the premises recovered, whether in fee, for life, or what other estate.

The original record as filed, presents that defect, but an amended record has been filed, in which the estate found does

appear to the extent declared for, that is, a fee simple estate, and a formal judgment entered therefor.

It is objected, however, that this amended record, is not the record in the cause, and affidavits are presented to show that since the original entry of the verdict and judgment on the record book, the clerk has interlined it, by specifying the estate held by the plaintiff in the ejectment.

Was it the fact, that words specifying the estate, had been struck out of the original entry, so as to render the judgment erroneous, it would be competent, although a record imports absolute verity, to prove by witnesses, that such words were improperly struck out. *Dickson* v. *Fisher*, 1 Wm. Bl. 664; same case, 4 Barrow, 2267. If this be so, then affidavits or any other proof of that nature, could not be received to falsify the record, by showing that an alteration whereby the record was made correct, was improperly made.

We must take the record, certified to this court to be the true record, and no affidavits can be received to falsify it. We must understand, that the words supplied by interlineations by the clerk, are the words which should have been in the original entry, to make it correspond with the fact, and as the record entry had not been signed by the judge, it was competent for the clerk to make the correction according to the fact.

The judgment is affirmed.

*Judgment affirmed.*

NOTE.—The cases between the same plaintiff below, and Elizabeth Kniffen and David Buel, are affirmed.