# Webb *et al.* v. Reynolds.

*Statutory Action of Ejectment.*

1. *Ejectment; not necessary to plead statute of limitations.*—In an action of ejectment, a plea of not guilty presents every issue which is in bar of the action; and, therefore, a special plea setting up the statute of limitations is unnecessary.

2. *Ejectment; sufficiency of verdict.*—In an action of ejectment where the complaint sufficiently describes the lands sued for, a verdict of the jury that they "find the issue for the plaintiff for the lands sued for, * * * and assess the damages for rent at thirty dollars," etc., is not defective for its failure to describe the lands, or in the use of the words "for rent," instead of use and occupation; and such verdict will sustain a judgment for the recovery by plaintiff for the lands sued for, describing them as set out in the complaint, and for the damages assessed.

3. *Ejectment; plea of disclaimer; when defendant entitled to costs.* In an action of ejectment against two or more defendants, one of whom filed a plea of disclaimer, but the judgment entry shows that issue was joined only on the plea of not guilty filed by the other defendants, the plaintiff will be held to have elected not to take issue upon the plea of disclaimer and to have confessed it; and the defendant filing such plea of disclaimer

[Webb *et al.* v. Reynolds.]

is entitled to his aliquot portion of the costs against the plaintiff; and if in the judgment in favor of the plaintiff against the other defendants, there is no recovery by the defendant pleading disclaimer, against the plaintiff for his aliquot portion of the costs, such irregularity will not warrant a reversal of the judgment, but the error will be corrected in the appellate court without remanding the cause.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. A. H. ALSTON.

This was a statutory action of ejectemnt, brought by the appellee, J. J. Reynolds, against the appellants, W. M. Webb, Mrs. W. M. Webb, and J. A. McElrath, to recover certain lands specifically described in the complaint.

As stated in the opinion, there being no bill of exceptions, the questions reviewed pertain only to the irregularity of the judgment appealed from.

The judgment entry is as follows: "This day comes the parties in this case in person and by attorney, and issue being joined on the plea of not guilty, thereupon comes a jury," etc. After reciting the verdict of the jury, which is copied in the opinion, the judgment entry then proceeds as follows: "It is, therefore, considered by the court that the plaintiff, J. J. Reynolds, have and recover of the defendants, W. M. Webb and Mrs. W. M. Webb, the lands described in the complaint, to-wit, [there then follows a description of the lands which is identical with the description contained in the complaint.] It is further considered by the court that the plaintiff, J. J. Reynolds, have and recover of the defendants, W. M. Webb and Mrs. W. M. Webb, thirty dollars besides the costs of this suit, for which execution may issue," etc. The other facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted by the defendants, Webbs, from this said judgment.

JOEL F. WEBB, for appellants.—The verdict in this case was defective for its failure to describe the lands recovered by the plaintiff, and were not sufficient to support the judgment rendered thereon.—Code, § 1549.

[Webb *et al.* v. Reynolds.]

The judgment in this case was erroneous in making the defendants, W. M. Webb and Mrs. W. M. Webb, pay all the costs. Such error and irregularity in the judgment will work for a reversal thereof, and can not be corrected on the appeal.—*Brown v. Brown,* 81 Ala. 508; *Guttery v. Boshel,* 32 So. Rep. 304; *Tippins v. Peters,* 103 Ala. 196; *Ivey v. Gilder,* 24 So. Rep. 715.

W. M. LACKEY and D. H. RIDDLE, *contra.*—No brief came to the hands of the Reporter.

TYSON, J.—At the last term of this court the paper in the record purporting to be a bill of exceptions, on motion, was stricken, and a motion to establish it as a bill of exceptions was denied. Those assignments of error predicated upon exceptions taken upon the trial must, therefore be disregarded. There are other assignments which question the regularity of the judgment appealed from. As to these the appellants are entitled to have them reviewed.

The action is the statutory one of ejectment against W. M. Webb, Mrs. W. M. Webb and J. A. McElrath. The Webbs interposed joint pleas of not guilty and of the statute of limitations. McElrath filed a plea disclaiming possession of the land at the time of its filing and at the commencement of the suit. The judgment entry shows that issue was joined only on the plea of not guilty. It is silent as to the disposition made of the plea of the statute of limitations, or of the plea of disclaimer interposed by McElrath. It is, however, of no moment as to what became of the plea of the statute of limitations since that matter of defense was properly within the issue upon which the cause was tried.—*McClendon v. Equitable Mortgage Co.,* 122 Ala. 390, and cases there cited.

Responding to the issue presented for their consideration, the jury rendered a verdict in this language "We the jury find the issue for plaintiff for the land sued for against W. M. Webb and Mrs. W. M. Webb, and assess the damages for rent at thirty dollars."

It is objected that the verdict is defective in two respects; first, in that it does not describe the land, and second, in the use of the words "for rent." There is clearly no merit in either of these objections. The description of the land sued for is sufficiently described in the complaint, and by referring the verdict to the complaint, as may properly be done, for a description of the land, it is made entirely certain as to what land the jury found the plaintiff entitled to recover. The words "for rent" may be treated as surplusage, if it be conceded, as is contended, that the word "rent" as here used is not synonymous with "use and occupation." Neither the one or the other was essential to the verdict. The legal effect of the verdict is to to find the issue in favor of the plaintiff as against the Webbs, and to assess his damages at thirty dollars.—*Lassiter v. Thompson,* 85 Ala. 223; *Toulmin v. Lessesne,* 2 Ala. 559. Upon the verdict a judgment was rendered by the court in favor of the plaintiff for the land sued for, describing it, and for the damages assessed and also for the costs of the suit against the two Webbs. No mention is made in the judgments, as we have said, of the plea of McElrath, and nothing is adjudged for or against him.

On this state of the record, the plaintiff must be held to have *elected* not to have taken issue upon this plea, and to have confessed it.—§ 1533 of Code. This being true McElrath was entitled to his costs as against the plaintiff; the truth of his plea not being controverted, and there being no judgment against him upon it.—*McQueen v. Lampley,* 74 Ala. 408. For this irregularity, it is insisted, that the judment should be reversed instead of corrected. In this we cannot concur. The case of *Neff v. Edwards,* 81 Ala. 246, is decisive of this contention adversely to appellants.

The attempt to differentiate that case from this one on the point under consideration is based upon the proposition that in that one there was an affirmative finding by the jury in favor of the defendant for whose benefit the correction as to costs was made, while in this one McElrath is not mentioned in the verdict at all. This, we apprehend, is of no consequence. As said

above, no issue having been taken upon his plea, the matter of defense involved in it was not presented for the consideration of the jury. It was not, therefore, within their province to find either for or against him. The plaintiff having elected to admit the truth of the plea by failing to take issue upon it, McElrath's right to his costs as against him followed as a matter of course.

The judgment of the court below will be corrected so as to adjudge the defendant McElrath to be entitled to his costs as against the plaintiff, at appellant's cost and as thus corrected will be affirmed.