# Calumet Coal Co. *v.* Cordova C. L. & I. Company.

## *Ejectment.*

(Decided Feb. 17, 1906, 40 So. Rep. 390.)

1. *Ejectment; Judgment; Form.*—If the defendant enters a disclaimer as to the lands sued for in ejectment, a judgment for the plaintiff as to the title to the lands is erroneous, ejectment being an action for possession, and not to quiet title.

2. *Same; Disclaimer; Election by Plaintiff.*—If defendant enters a disclaimer as to the lands sued for in ejectment, the plaintiff may take issue on the plea of disclaimer, and upon proof of defendant's possession, at the commencement of the suit, have judgment for possession of the lands, the value of their use and costs; or he may decline an issue on the plea of disclaimer and in that case defendant has no plea to file, and takes judgment for costs against plaintiff, the plaintiff being entitled to a judgment for possession for want of plea, but without damages and costs.

APPEAL from Walker Circuit Court.

Heard before Hon. A. H. ALSTON.

The Cordova Coal, Land & Improvement Co., sued the Calumet Coal Co., in ejectment for certain lands mentioned in the complaint. The defendant filed a disclaimer to the land sued for at the time of the beginning of the suit or subsequent thereto. A judgment was rendered for plaintiff against defendant for want of a plea for title to the land sued for describing it, and the plaintiff was taxed with the costs of the suit. The defendant appealed and assigned as error the judgment of the court finding the title to the land for the plaintiff:

BANKHEAD & BANKHEAD, for appellant.—The court had no authority to render any judgment in the case except a judgment against the plaintiff for costs.—*Bailey v. Selden,* 124 Ala. 403. Where one not in possession is made defendant, he may by plea denying possession of the whole protect himself against suit and judgment.

A. LATARDY, for appellee.—The case at bar presents very forcibly the difficulties suggested that until the question of title to land had been first disposed of, the true owners of the land can maintain no action for things severed from the freehold by one in adverse possession claiming title.—*Brown v. Beatty,* 76 Ala. 267; *Cooper r. Washburn,* 73 Ala. 252. In the language of Campbell coming events cast their shadows before, and the protestations of appellants are suggestive of the true situation of the parties relative to each other. Under the statutes in Alabama, ejectment is a means of trying title to land and not a mere possessory action as at common law. A judgment by default in ejectment is an admission by the defendant of plaintiff's title to the land, and disclaimer is not a plea and demandant is entitled to a judgment for want of a plea.—*Bebe v. Moris,* 54 Ala. 306; *McQueen v. Lampley,* 74 Ala. 408; *Bernstein v. Humes,* 60 Ala. 582; *Torrey v. Forbes,* 94 Ala. 139. The defendant having denied possession and the

[Calumet Coal Co. v. Cordova C. L. '& I. Company.]

plaintiff not taking issue upon the disclaimer, a judgment cannot be rendered for possession.—*Bebc v. Moris, supra;* Coke 362a, 363a.

SIMPSON, J.—This was a statutory action of ejectment, in which the defendant entered a disclaimer as to all of the land sued for, and the only exception made is to the concluding clause of the judgment of the court in the following words, to-wit: "And that the plaintiff for want of a plea by defendant is entitled to and has judgment against the defendant as to the title of the land sued for in this cause, to-wit; S. W. 1-4 of N. W. 1-4, Section 28, T. 14s of Range 7w. of Huntsville, Alabama, principal meridian, in Walker county, Alabama."

The action of ejectment is an action for the possession of lands, and not an action to quiet title, and no judgment can be rendered for the plaintiff save for the possession of the land, for the value of its use and for costs.

When the defendant disclaims possession, the plaintiff has the election to take issue, and on proving that defendant was in possession at the commencement of the suit, to recover possession with costs, or, on the other hand, to decline to take issue on it, in which case the defendant has no plea to file, and recovers costs against the plaintiff; the plaintiff being entitled to take judgment, as for want of a plea, without damages and costs. —*Morris v. Bebce,* 54 Ala. 306; *Bailey v. Selden,* 124 Ala. 403, 406; *Webb v. Reynolds,* 139 Ala. 398 (36 So. Rep. 15) ; *McQueen v. Lampley,* 74 Ala. 408.

The judgment of the court is reversed, and such a judgment will be here rendered as should have been rendered by the court below.

Reversed and rendered.

HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur.