# Dennis *v.* Price.

## Ejectment.

(Decided July 6th, 1906.   41 So. Rep. 840.)

1. *Ejectment; Possession; Admission; Pleas; Issue and Proof.*— One of the defendants, by plea, admitted possession. This left no issue open to him but the general issue, which put plaintiff to proof of his title.

2. *Same.*—One of the defendants admitted, by plea, his possession, but set up claim of title in another, who was jointly sued, but who was not in possession. Held, such plea was no bar to plaintiff's right of recovery.

3. *Same; Persons Liable.*—Where the plaintiff in ejectment has title to the land he is entitled to recover the land, and costs, against a person in possession.

4. *Same; Disclaimer; Costs.*—When one of the defendants disclaim possession, if plaintiff does not traverse the disclaimer, plaintiff is entitled to recover the land upon the disclaimer, but without costs; if plaintiff traverse the disclaimer, and prove his traverse, he is entitled to recover the land and costs against disclaiming defendant, under § 1533, Code 1896.

4. *Same; Disclaimer; Effect.*—A disclaimer neither abates the action nor bars plaintiff's right of recovery.

APPEAL from Chilton Circuit Court.

Heard before HON. A. H. ALSTON.

Ejectment by Thomas E. Dennis and others against Houston Price and others. From a judgment for defendants, plaintiffs appeal.

This was an action of ejectment, begun by appellants against appellees. The defendant Price filed the following plea: "Now comes the defendant Houston Price, and for answer to the complaint in this cause says that he was not at the commencement of this suit, and is not now, in the actual possession of said land, but that he owns and claims the land." The defendant Maddox filed the following plea: "Comes the defendant Maddox, by attorney, and suggests that, while he is in the actual possession of said land, he only holds the said land as a tenant of Houston Price." The plaintiffs moved to strike the plea filed by Houston Price on the ground that the same is not the tender of the general issue, and because the same is not a good plea in bar, and is not a disclaimer, such as is authorized by the statute. Plaintiffs also move the court to strike from the file the plea of Maddox on the ground that the same is irrelevant and frivolous. This motion was granted as to both pleas.

The defendant Maddox then filed the following verified plea, noticed in the opinion as plea 3: "Comes the defendant Maddox, and says that he is now and was at the commencement of this action in the actual possession of all of the lands sued for in this action, and that he is jointly sued with Houston Price, who was not at the commencement of this suit and is not now in the actual possession of any of the lands sued for in this action, and this he is ready to verify, and that there is therefore a misjoinder of parties defendant, and the said defendant Maddox prays that said action abate as to him." The defendant Houston Price also filed the following plea, noticed in the opinion as plea 4: "Now comes the defendant Houston Price, and says that he is not now and was not at the commencement of this action in actual possession of the lands sued for, or any part of said land, and that he is jointly sued with G. W. Maddox, who was at the commencement of this suit and

[Dennis v. Price.]

is now in active possession of all of the land sued for in this action, and this he is ready to verify, and that there is therefore a misjoinder of parties defendant in said action, and said Houston Price prays that said suit abate as to him." The plea was also verified.

Plaintiffs demurred to the plea in abatement filed by Price on the ground that the fact, if it be a fact, that said Price was not in possession of the land sued for at the commencement of this suit is a matter to be pleaded in bar and not in abatement; that the fact that defendant Price is sued jointly with defendant Maddox, and that defendant Price was not in possession at the time the suit was brought, and that Maddox was in possession, is the matter to be pleaded in bar, and presents no reason why said suit should be abated as to the defendant Price. Demurrers were interposed to the plea of Maddox raising the same question. The demurrers were overruled to pleas 3 and 4, whereupon the plaintiffs filed a replication alleging that Price was in possession of the land at the time the suit was begun. This replication was stricken on motion of defendant Price. At the conclusion of the testimony, the court gave the general affirmative charge for the defendants.

C. J. TORREY, McCORVEY, & HARE and SMITH & MIDDLETON, for appellant.—A defendant in ejectment must plead not guilty or disclaim.—*Bynum v. Gold*, 106 Ala. 427; *Lomb v. Pioneer Savings Co.*, 106 Ala. 591; *Etowah Minin Co. v. Carlisle*, 127 Ala. 663; *Stapp v. Wilkerson*, 80 Ala. 47.

WILLIAM A. COLLIER, for appellee.—This action was brought against the tenant who was in actual possession and the landlord was joined therein constituting a misjoinder of parties defendant. -*Morris v. Bebee*, 54 Ala. 300; *Banks v. Speer*, 117 Ala. 254. The way to take advantage of this is by plea in abatement.—4 Mayf. 363.

ANDERSON, J.—The defendant Maddox in the third plea admitted the possession of the land, and when this was done the only plea open to him was the

general issue, which put the plaintiffs to proof of their title and it was no bar to their right of recovery that Price, who had been jointly sued with Maddox, was not in possession. If the plaintiffs had title, they were entitled to recover,and to recover cost as to those in possession. If Price disclaimed, the plaintiffs were entitled to a judgment as against him, but without cost, unless they took issue on the disclaimer and proved their issue, in which event they were entitled to a judgment for the land and cost.—Code 1896, § 1533; *Calumet Co. v. Cordova Coal Co.*, 145 Ala. 578, 40 South. 390; *Torrey v. Forbes*, 94 Ala. 135, 10 South. 320; *McQueen v. Lampley*, 74 Ala. 408; *Bynum v. Gold*, 106 Ala. 427, 17 South. 667; *Stapp v. Wilkinson*, 80 Ala. 47. Nor would the fact that Price was not in the actul possession of the land bar a prosecution of the suit to judgment aginst Maddox. The plaintiff's demurrer to the third plea should have been sustained.

Plea No. 4, of Houston Price, was in effect a disclaimer as to him, and as provided by section 1533 of the code of 1896. Said section permits the defendant to disclaim possession, which practically assimilates the common-law plea of non tenure. The authorities seem to be in conflict as to whether or not it should be considered a plea in abatement. But our court seems to have established a rule as to the effect of a disclaimer, to which we adhere, as it has become stare decises. If the plaintiff takes issue on the disclaimer and succeeds in proving same, he not only recovers the land, but is entitled to a judgment for cost and damages. If the plaintiff does not take issue on the disclaimer, he can take judgment on the disclaimer for the land, but without cost or damages against the defendant. So it would seem that a disclaimer neither abates the action nor bars the plaintiffs' right to recover the land. It simply relates to a personal judgment against the defendant. Our court did hold in the case of *Morris v. Beebe*, 54 Ala. 300, that the defendant could plead non tenure and defeat a recovery. That case was decided before we had a statutory disclaimer, which appears in the code of 1896 and before the promulgation of the rule of this court in reference thereto. The plea of non tenure and

[McCreary, et al. v. Jackson Lumber Co.]

a disclaimer seems to have been treated as the same thing in the case of *Bailey v. Selden*, 124 Ala. 403, 26 South. 909. The substance of the plea, being simply a denial of possession, was in effect a disclaimer, and was not rendered demurrable because of a subsequent declaration of its legal effect or result, which was but a conclusion of law, and does not prevent a question of proof. The court did not err in overruling the demurrer to the fourth plea, which was but a disclaimer. The plaintiff clearly had the right to take issue thereon, which was doubtless intended by a general replication, but which should have averred an actual possession by Price. The disclaimer denied actual possession, and the replication simply averred a possession, which was not taking issue.—*Morris Case, supra.*

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and SIMPSON, JJ., concur. TYSON and DOWDELL, JJ., concur in the reversal, but entertain the opinion that the fourth plea is good as a plea in abatement.

