# Leath *v.* Cobia, *et al.*

*Ejectment.*

(Decided February 6, 1912.   57 South. 972.)

1. *Appeal and Error; Review.*—A plea of not guilty or a plea since the last continuance being the only proper pleas in ejectment, the action of the court on motion to strike and demurrer to special pleas will not be considered on appeal where a case was tried and a verdict rendered for defendant on the plea of not guilty.

2. *Judgment; Entry.*—The records of courts import absolute verity and cannot be contradicted by parol; hence, in ejectment parol testimony was not admissible to show that a decree of condemnation, under which the defendant claimed, was written on the record by the judge before whom the proceedings were had after the expiration of his term of office upon the misplacement of the final decree, especially where the record on its face showed that the decree was rendered and entered within the time prescribed, and on a date during the term of the judge.

3. *Ejectment; Process; Notice to Landlord.*—Under section 3840, and section 3844, Code 1907, the landlord simply becomes a party, but not the sole party to the suit, hence, though a tenant suggested his landlord as a party, the tenant remained a party, and where during the pendency of·the suit the landlord conveys the premises. to the tenant, the tenant could still defend under the title granted.

4. *Eminent Domain; Proceedings; Collateral Attack.*—That a petition for the condemnation of land was addressed to the probate judge instead of to the probate court (section 3889, Code 1907,) cannot be asserted in ejectment to affect the validity of the title of one who claims thereunder.

5. *Same.*—While the petition and condemnation proceedings must state the jurisdictional facts, defects which would be fatal on demurrer or other direct attack upon the petition are not fatal when collaterally attacked where the rule of presumption of regularity obtains; hence, though such petition does not mention the age and residence of the party owning land sought to be condemned, the final decree showing that the amount of condemnation money was paid, the petition was sufficient against attack in ejectment, against one claiming under condemnation, especially where it appears that sum-

[Leath v. Cobia, et al.]

mons was served on such party, and his own testimony showed that he was over twenty years of age.

6. *Same; Proceedings; Petition.*—The petition held to sufficiently show that the condemnation proceedings was in the probate court and were sufficient under the requirement that the proceeding be addressed to the probate court. (Section 3889, Code 1907.)

7. *Same; Raising a Dam; Petition.*—Under section 3904, Code 1907, one who had commenced the erection of a dam without authority of law could only proceed to raise a dam as though he had no dam, and the fact that his petition was to establish a dam would not render the condemnation proceedings void.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by E. Leath against E. Cobia and others. Judgment for defendant and plaintiffs appeal. Affirmed.

BURNETT, HOOD & MURPHREE, for appellant. The court erred in overruling plaintiff's demurrers to pleas 1 and motions to strike filed by plaintiff.—7 Enc. P. & P. 238; *People v. River R. Co.,* 12 Mich; *Richardson v. Stephenson,* 114 Ala. 238; *Zirkle v. Jones,* 129 Ala. 444. The documents relied on as a defense were void and the court erred in admitting them in evidence.—Secs. 3888, et seq., Code 1907; 31 South. 287; *Bottom v. Brewer,* 54 Ala. 290; *McCullough v. Cunningham,* 96 Ala. 584. The petition was deficient.—Section 3890, Code 1907; *Lamar v. Comm. Ct.,* 21 Ala. 776. The proceedings, therefore, are not merely voidable but absolutely void and subject to collateral attack.—Authorities supra, and *Cox v. Johnson,* 80 Ala. 24; *Wyatt v. Rambo,* 29 Ala. 570; *Comm. v. Thompson,* 18 Ala. 696; *Wilson v. Judge,* 18 Ala. 160. Jurisdictional facts cannot be presumed. —*Whitlow v. Echols,* 78 Ala. 209. On these authorities the report of the jury was void and could be given no effect. Leath was entitled to notice of any action to substitute the order, and to have combated the substitution.—*McLendon v. Jones,* 8 Ala. 298; *Adkinson v.*

[Leath v. Cobia, et al.]

*Keel,* 25 Ala. 553; *Dabney v. Mitchell,* 55 Ala. 495. Hence, the decree was a nullity.—*Hudson v. Hudson,* 20 Ala. 364; *Hall v. Hudson,* 20 Ala. 286; *Herring v. Cheney,* 75 Ala. 378. Petition was addressed to the judge of probate instead of to the probate court in direct contravention of section 3889, Code 1907.—*Folmar's case,* 68 Ala. 120; *Ashford v. Watkins,* 70 Ala. 161. The tenant disclaimed possession and suggested the landlord, and she certainly had no title because she had conveyed it to the tenant.—*McLendon v. Mtg. Co.,* 122 Ala. 389; *Stevenson v. Reeves,* 92 Ala. 583.

HUGH REID, and J. FOUCHE MATTHEWS, for appellee. Not guilty is the only proper plea in ejectment, and as this was filed and trial was thereon, the action of the court on the demurrers to the special pleas and on the motions to strike were immaterial, and will not be reviewed.—*Webb v. Reynolds,* 139 Ala. 398; *Woodstock I. Co. v. Stockdale,* 143 Ala. 550. Error does not affirmatively appear to have been occasioned thereby.— *Reynolds v. Lawrence,* 147 Ala. 216; *Montgomery v. Mason,* 133 Ala. 508; *C. & W. R. R. Co. v. Bridges,* 86 Ala. 448. No recovery was sought under the easement, and this was equivalent to striking the averment.—*So. Ry. Co. v. Bunt,* 131 Ala. 591; *Cross v. Enslinger,* 133 Ala. 409. The defendants were entitled to a judgment under the general issue on the evidence.—*Etowah M. Co. v. Carlisle,* 127 Ala. 668; *Price v. Cooper,* 123 Ala. 392; *Stevenson v. Reeves,* 92 Ala. 582; *Guilmartin v. Wood,* 76 Ala. 204. The suggestion by a tenant does not make the landlord the sole party, and hence, the tenant remained a party.—*McLendon v. Mtg. Co.,* 122 Ala. 389; *Morris v. Beebe,* 54 Ala. 300. The record of the condemnation proceedings import absolute verity and cannot be contradicted or disproved in a collateral proceed-

ing by extrinsic or parol evidence.—*Perry v. King,* 117 Ala. 533; *Whitlow v. Echols,* 78 Ala. 206; *Martin v. Hall,* 70 Ala. 421; *King v. Martin,* 67 Ala. 177; *Deslonde v. Darrington,* 29 Ala. 92; 17 Cyc. 571; 23 Cyc. 1051 and 1086. The petition contained sufficient jurisdictional facts to give the court jurisdiction and hence was sufficient on collateral attack although it may not have been good against demurrer, and although re-versible irregularities may have appeared in the record. —Sec. 3888, Code 1907; *Gamble v. Jordan,* 54 Ala. 432; *Driggers v. Cassidy,* 71 Ala. 529; *Friedman v. Shamblin,* 117 Ala. 454. The entry of the judgment did not render it void.—*L. & N. v. Perkins,* 152 Ala. 133. The ministerial act of entry may be made after the expiration of the term of the judge.—23 Cyc. 839; *Hamil v. Gibson,* 61 Ala. 261.

SIMPSON, J.—This is a statutory action of ejectment, by the appellant, for the recovery of one acre of land described in the pleading. Other lands and interests were originally mentioned, but were eliminated by disclaimer, and while the defendant set up an easement, that was abandoned, and the verdict was for the defendant for the one acre of land only, and that alone, will be considered.

It is unnecessary to consider the action of the court on motion to strike and on demurrers to special pleas, as this court has frequently decided that, besides a plea since last continuance, the plea of "not guilty" is the only proper plea in an action of ejectment; and this case was tried and the verdict rendered on that plea.— *Vadeboncoeur v. Hannon,* 159 Ala. 617, 49 South. 292; *Edinburgh-American Land Mortgage Co. v. Canterbury,* 169 Ala. 444, 53 South. 823; *Etowah Mining Co. v. Doe*

[Leath v. Cobia, et al.]

*ex dem. Carlisle,* 127 Ala. 668, 669, 29 South. 7; *Webb et al. v. Reynolds,* 139 Ala. 398, 36 South. 15.

The defendant set up title to the one acre of land under certain proceedings in the probate court in 1904, for the condemnation of said one acre for the purpose of enabling him to build a dam, for a public gristmill on the opposite bank of the Chattooga river.

In this collateral proceeding it does not affect the validity of the condemnation proceedings that the petition for condemnation was addressed to the judge of probate, in place of to the probate court, as required by section 3889 of the Code of 1907.

The petition prays that "a writ issue from your honorable court of probate," etc., that "summons may issue from your honor's court of probate," etc., requiring the inquest to be returned to "your honor's court of probate," showing that the proceeding was in the probate court.

Nor is it material that the petition does not mention the age and the residence of Leath, the party who owned the one acre of land on the opposite side of the river, as it prays that summons be served on him; the further proceeding shows that summons was served on him, his own testimony shows that he was over 21 years of age, and the final decree shows that the amount of condemnation money was paid.

It is true that, in proceedings of this kind, the petition must state the jurisdictional facts, and when that is the case, the court acquires jurisdiction, but there are many defects which would be fatal on demurrer, or some direct proceeding, yet are not fatal in a collateral proceeding, in which the presumption of regularity is reversed.—2 Mayf. Dig. p. 946, § 205; Id. p. 947, § 220.

The act of 1822 (Laws 1822, p. 56) requiring petitions for sale of real estate to state the names of the

heirs, and "which are of age, which are infants or femes covert," yet, in a case where the petition failed to state which of the heirs were of full age, this court held that to be a mere irregularity and not jurisdictional.— *Field's Heirs v. Goldsby,* 28 Ala. 218, 221, 222, 224, 225, 65 Am. Dec. 341.

Under the Code of 1852, § 1755, where the petitioner merely expressed his opinion, in place of stating the facts as required by the statute, and gave a description of the land which would have been held bad as a matter of pleading, this court held that on collateral attack the defects were immaterial, and (speaking through BRICKELL, J.) said: "As a matter of pleading these averments are wholly insufficient. * * * If the sufficiency of the petition had been put in issue by demurrer, or assailed on error, judgment against it must have been pronounced. Then, as has been said by this court, all intendments would have been indulged against the pleader. When the proceedings ripen into a decree, and are collaterally assailed, and rights of property have attached, the rule is changed, and every reasonable intendment is made in favor of the validity of the decree." Also, that "an amendable defect of this character, we cannot believe, will ever justify a sentence of nullity against judicial proceedings, when collaterally assailed."—*Wright's Heirs v. Ware,* 50 Ala. 549, 557, 559. .

In a later case, where the allegations of the petition were not in the exact language of the statute, this court (speaking through MANNING, J.) said: "Public policy requires that all reasonable presumptions should be made in support of such sales," and, "if a different rule prevailed, purchasers would be timid and estates consequently be sold at diminished value." And further, after stating the rule as to presumptions, "we should

[Leath v. Cobia, et al.]

understand the petition as it is reasonable to infer that the party who made it and the judge who acted upon it did understand it, and not as they were found to understand it," and then quoted from *Wright's Case, supra. Bibb v. Bishop's Home,* 61 Ala. 326, 330, 331.

These cases are quoted in a subsequent case, where the petition alleged merely that C. and N. owned the "remaining undivided one-half interest" in the land, without stating what part each owned, and it is stated that though the petition would have been insufficient on demurrer, yet on collateral attack it is otherwise.— *Whitlow v. Echols,* 78 Ala. 206.

In a case where the petition failed to state the *residences* of the persons interested in the property, this court said that "this would, no doubt, be a good ground of demurrer to the petition, and reversible error, on direct assailment by appeal. Perhaps it might be regarded as jurisdictional if there was no appearance of the defendants in the court below, but this we do not positively decide," and held that the defect was not available on collateral attack.—*Morgan v. Farned,* 83 Ala. 367, 369-370, 3 South. 798.

In the case now under consideration, the parties and the court evidently understood the failure to state whether Leath was a minor (as every one would), to mean that he was over twenty-one, and the evidence shows that he was. They also understood the request to have the citation served on him to mean that he was in the county, and it was in fact served on him, according to the record, and the decree shows that the condemnation money was paid.

Under these facts, it would seem to be the merest quibbling on words to hold that the court did not acquire jurisdiction in this case because the age and residence were not stated in the petition.

The next insistence of the appellant is that the court should have received parol testimony to the effect that the proceedings were had in the probate court during the incumbency of Judge Appleton, that he rendered the final decree in writing, and as it was misplaced, wrote the decree on the record, after the termination of his term of office. The record shows that the decree was rendered and entered within the time prescribed by law, and on a date during the term of Judge Appleton.

It is one of the principles of our law that the records of our courts must import absolute verity and cannot be contradicted by parol proof.—23 Cyc. 855; 1 Black on Judgments (2d Ed.) § 245, p. 364; Ib. § 246, p. 368; Id. § 276, pp. 421-423; Id. § 287, p. 439. See 2 Black on Judgments (2d Ed.) § 522, p. 786; *Deslonde & James v. Darrington's Heirs,* 29 Ala. 93, 96; *Whitelow v. Echols,* 78 Ala. 210; *Wilkinson et al. v. Lehman-Durr Co.,* 150 Ala. 464-468, 43 South. 857, 124 Am. St. Rep. 75; *Logan v. Central I. & C. Co.,* 139 Ala. 548, 555, 36 South. 729; *Ferguson v. Kumler,* 25 Minn. 184, 187; *Walker v. Armour,* 22 Ill. 658, 660; *Cofer v. State,* 168 Ala. 171, 52 South. 934.

In this collateral proceeding the judgment must stand, as it appears upon the record.

The appellant insists, however, that the face of the proceedings show that they are void because the petition is to *establish* a dam, and it is shown that there was already a dam there, and the proceedings should have been to *raise* a dam.

The authority for proceedings to raise a dam applies only where the previous dam has been "erected under this article" (Code 1907, § 3904), and this court has held that a petition to raise a dam is fatally defective

[Bell, et al. v. Leggett, et al.]

unless it shows that the first dam had been erected under the order of the court.—*Bottoms & Powell v. Brewer & Brown,* 54 Ala. 288.

It necessarily follows then that if a man has commenced the erection of a dam without authority of law, his only remedy is to proceed as though he had no dam (which in law is the fact) and submit to the court the entire matter of the building of the dam.

Appellant also insists that the tenant could not defend under the title of the landlord because said tenant ceased to be a party to the proceeding, when he suggested the landlord, and she, the landlady, could not defend, because, during the pendency of the suit, she had conveyed the premises to said tenant.

Such is not the effect of the statute. Under sections 3840 and 3844, the landlord simply becomes a party, and not the sole party to the suit. The tenant also remains a party. This court has held that the tenant cannot have the landlord made the sole party.—*McClendon et al. v. Equitable Mortgage Co.,* 122 Ala. 384, 25 South. 30.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.