(105 So. 394)

### SMITH v. STATE. (7 Div. 57.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

Criminal law ☞1111(1)—Where no plea to jurisdiction below, record regular on face is conclusive.

In a prosecution for assault and battery, where affidavits were offered by defendant that, at time the certificates were made and given to clerk of circuit court, as required by statute to perfect appeal from county court, terms of office of the officers signing had expired, *held*, there being no plea to jurisdiction of circuit court, and records appearing regular on their face, that the records imported verity, and could not be contradicted.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Dave Smith was convicted of assault and battery, and he appeals. Affirmed.

Pruet & Glass, of Ashland, and Walter S. Smith, of Lineville, for appellant.

A judge or clerk is without authority to exercise any of the functions of his office after retirement from office. There being no proper process, the circuit court acquired no jurisdiction of the case. Hall v. State, 19 Ala. App. 178, 95 So. 905; Const. 1901, §§ 6, 13; Ford v. State, 20 Ala. App. 678, 100 So.

917; Code 1923, § 3837; Perry v. State, 17 Ala. App. 80, 81 So. 858.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. Motion is here made to expunge from the record the transcript of the proceedings in the county court of Clay county, showing the beginning of the prosecution, warrant of arrest, trial, conviction, judgment, and appeal to circuit court; and affidavits are offered to the effect that, at the time the certificates were made and handed to the clerk of the circuit court, as required by statute to perfect an appeal from the county court to the circuit court, the officers signing such certificates were out of office, their terms of office having expired. There was no plea to the jurisdiction of the circuit court. All of these records appear regular under dates at which the officers signing and certifying same were in office and exercising the functions of officers. These records import absolute verity, and may not here be contradicted. Leath v. Cobia et al., 175 Ala. 435, 57 So. 972.

It could serve no good purpose to discuss the various objections and exceptions taken to the admission of evidence. They present no new or novel questions, and none that are at all difficult—a plain case of assault and battery with eyewitnesses, and presenting a jury question. The defendant has had a fair trial, and, finding no error of a prejudicial nature, the judgment is affirmed.

Affirmed.