170 So. 774

### HOPKINS v. POELLNITZ.

2 Div. 89.

Supreme Court of Alabama.

Nov. 19, 1936.

J. C. Floyd, of Meridian, Miss., and J. Paul Jones, of Linden, for appellant.

McKinley & McDaniel, of Linden, for appellee.

KNIGHT, Justice.

This was a proceeding originally instituted in the probate court of Marengo county by appellant, called plaintiff in the court below, seeking the condemnation for its use, as a right of way for its railroad, of certain lands of appellee C. A. Poellnitz, styled defendant in the lower courts.

No question was raised in the courts below as to the right of appellant to acquire by condemnation the lands described in his original application to the probate court. This seems to have been admitted.

In the probate court, after due notice and hearing, certain lands of appellee were condemned to the use of appellant, and he was authorized to enter upon and take possession of the same upon the payment into court of the compensation and damages assessed by the commission and the cost of the proceedings. The appellant complied with this decree, and entered upon and took possession of the lands, and is now holding and using the same for the purposes of their acquisition.

From the decree rendered in the probate court, the appellee—landowner—took timely appeal to the circuit court of Marengo county. In this court the case was called for trial on October 22, 1935, and on that date the trial was entered upon. It was concluded on the 23d day of October, 1935, and on which day the jury returned into court its verdict assessing appellee's damages at $500.

Here it may be noted that it was agreed on the trial that all proceedings in the probate court were regular; that the appeal to the circuit court by said landowner was fully perfected, and timely taken; and that the issue to be tried was the ascertainment by the jury of damages to be awarded the landowner.

Upon the return of the verdict the trial judge made the following notation or entry upon his trial docket: "10-23-35. Issue joined. Judgment and verdict: 'We, the jury, find the issue in favor of the defendant, C. A. Poellnitz, and assess his damages at $500.00,' Earnest Jack Bailey, Foreman."

After the rendition of this verdict, the clerk entered a proper judgment thereon. This judgment entry commences with the following recitation, omitting the caption of the case: "In the Circuit Court of Marengo County, Alabama, No. 2076. October 23, 1935. This being the day set for the trial of the above cause, and a jury having been demanded, comes," etc. Then follows a complete judgment.

On December 14, 1935, the appellant filed with the clerk of the court a motion to have the said judgment amended "nunc pro tunc" so that, to quote the language of movant, it "will show that said order, judgment, or decree was not made by the court on the day it purports to have been made, nor was it ever made by the court, and amend it further by showing that it was an unauthorized act of the clerk and that said entry in said minutes is null, void and of no effect, and petitioner further moves the court to amend such judgment entry in any other manner which may be proper and legal in the premises."

This motion was presented to Judge Elmore, the trial judge, on the 16th day of December, 1935, and was by him set down for hearing on December 20, 1935, at the courthouse in Linden, Ala.

On the 18th day of December, 1935, two days before the motion was to be heard, the appellant, movant in said motion, filed

174

with the clerk of said court an appeal bond, and this bond was duly approved by the clerk of the court on the 18th day of December, 1935. This bond recited that it was given to secure an appeal to the Court of Appeals. We attach no importance, however, to this mistake, as section 7320 of the Code was intended to take care of such mistakes.

The appeal bond given by appellant recites: "The condition of the above obligation is such, that whereas, W. E. Hopkins, as trustee of the Meridian and Bigbee River Railway Company, a corporation, brought suit in the Probate Court of Marengo County, Alabama, for the condemnation of lands of C. A. Poellnitz, and of others as 'set forth in the petition for condemnation, for the uses and purposes set out in said petition, and whereas, C. A. Poellnitz, one of the owners of said land appealed to the Circuit Court of Marengo County, Alabama, from the condemnation of his land, which said appeal. was heard before a jury in the Circuit Court of Marengo County, Alabama, on, to-wit: October 23, 1935, who returned a verdict assessing the damage and compensation of C. A. Poellnitz at $500.00, that pursuant to said verdict of said jury assessing said damages of the said C. A. Poellnitz at said sum of $500.00, an order of condemnation was made by the court condemning said land of the said C. A. Poellnitz for the uses and purposes set out in said petition for condemnation filed by said W. E. Hopkins, as trustee of the Meridian and Bigbee River Railway Company, a corporation, and ordering that the said W. E. Hopkins, as trustee of the Meridian and Bigbee River Railway Company, 'a corporation, should pay to the said C. A. Poellnitz the sum of $500.00 before acquiring the rights and privileges sought by said condemnation proceeding, from which said order and judgment of condemnation made and entered by said judge of said court, W. E. Hopkins, as trustee of the said Meridian and Bigbee River Railway Company, a corporation, has obtained an appeal to the Honorable Court of Appeals of the State of Alabama, returnable to the next term of said court."

■ After the appeal had been perfected, the court heard the motion, which we have above alluded to, and overruled the same. There was no appeal from this order overruling the motion, nor any other proceeding had ' or undertaken, to have a review here of the order overruling the motion. Hence the merits, if any, of that motion are not before us. Edwards v. Edwards, 80 Ala. 97. True the appellant has included the motion in the transcript, and has set the same out in his bill of exceptions, including the evidence submitted by him on the hearing of the motion. The bill of exceptions also shows the reservation of an exception by the appellant to the overruling of his said motion. This ruling is made the basis of one or more of appellant's assignments of error.

■ The judgment appealed from was entered on October 23, 1935. It was from that judgment the appeal was taken. We say this because the record on its face shows that the judgment was rendered and entered on October 23, 1935, in accordance with the bench notes of the trial judge, and it speaks absolute verity until lawfully set aside, or amended nunc pro tunc in a proper proceeding, and upon competent testimony. Leach v. Cobia et al., 175 Ala. 435, 57 So. 972.

■ Inasmuch as the order or judgment of the court, made on appellant's motion to amend the judgment, was not made or entered until two days after the appeal was taken, it is not, therefore, before us for review.

The statute conferring upon parties the right of appeal requires that such appeal must be taken within thirty days from the rendition of final judgment in the circuit court or court of like jurisdiction. Code, § 7498.

■ In this case final judgment was rendered in the circuit court on October 23, 1935, and the appeal not having been taken until December 18, 1935, the appeal comes too late, and the appellee's motion to dismiss the same must be granted. A timely appeal is a jurisdictional fact. Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Walden v. Leach, 201 Ala. 475, 78 So. 381.

It follows, therefore, that appellee's motion to dismiss the appeal must be granted, and it is so ordered.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.