WRIGHT, Presiding Judge.
Plaintiff appeals from the judgment.of the trial court in an action of ejectment.
Plaintiff brought an action of ejectment against defendant Cain.
After an ore tenus hearing the trial court rendered judgment in favor of the plaintiff for the subject property without damages and assessed costs against the plaintiff. Plaintiff appeals. The issue presented is whether it is error to assess cost against the successful party.
The judgment of the trial court recites that the defendants “denied that they were in possession of any or all of the said real estate and further they disclaimed any pos-sessory interest in the same.” That indicates there was a defense of disclaimer authorized by § 6-6 — 284, Code of Alabama (1975).
Plaintiff contends that defendants’ answer to his complaint amounted to pleading of the general issue; that by pleading the general issue defendants admitted possession of the property; that their disclaimer was not effective; and that proof of title entitled him to judgment including damages and costs. In support of this position he cites Jones v. Butler, 286 Ala. 69, 237 So.2d 460 (1970).
Assuming that defendants’ answer amounted to a pleading of the general is *884 sue, we do not find Jones v. Butler, supra, controlling. Under the well-established law of ejectment and the modern rules of procedure, the trial court is authorized to accept an amendment by defendants withdrawing the plea of the general issue and substituting a disclaimer. Oliver v. Oliver, 187 Ala. 340, 65 So. 373 (1914); Rule 15, ARCP. Under Rule 15 the amendment may be made at any time, and if evidence is presented or an issue raised without objection, the pleadings are deemed amended to conform to the evidence. The trial court did not err in accepting defendants’ disclaimer at trial.
Where the defendant in an ejectment action elects to disclaim possession pursuant to § 6-6-284, Code of Alabama (1975), the plaintiff may either take a judgment against him or take issue with his disclaimer. If the plaintiff takes issue with the disclaimer and succeeds in proving defendant’s possession, he recovers not only the land but damages and costs. Dennis v. Price, 148 Ala. 243, 41 So. 840 (1906). The judgment states plaintiff “took issue.” By taking issue with defendants’ disclaimer, plaintiff assumes the burden of showing that defendants were in possession of the subject land at the time the action was commenced. Smith v. Eudy, 216 Ala. 113, 112 So. 640 (1927). Failure to successfully contest a disclaimer renders plaintiff liable for costs. Webb v. Reynolds, 139 Ala. 398, 36 So. 15 (1904).
The court found that plaintiff failed to meet the burden of showing defendants’ possession of the property. We note that the record before this court does not include a transcript of the evidence heard by the trial court nor exhibits it may have had before it. “This court cannot determine that the judgment of a trial court is erroneous when the judgment states it was made after hearing and the matters heard are not part of the record before us.” Harvey v. State Department of Public Safety, 56 Ala.App. 660, 325 So.2d 170 (1975).
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.