This is a child custody case.
The parties to this appeal were divorced in 1982, and the wife was awarded custody of the two minor children. Thereafter, the husband petitioned the court seeking a change of custody.
The trial court, after an ore tenus hearing, found that it was in the best interest and welfare of the children to change custody and the father was awarded custody. The wife now appeals and we affirm.
Viewing the record with the attendant presumptions, the following is revealed:
In late 1982, the husband discovered that his wife and his father, the children's paternal grandfather, were having an adulterous affair. The wife and the husband's father both admitted their relationship with each other prior to the divorce.
After the divorce decree became final, the wife and the two minor children moved into a housetrailer with the husband's father. The wife and her ex-father-in-law subsequently married. The father petitioned for a modification of the divorce decree alleging that the wife's marriage to the children's paternal grandfather constituted sufficient change in circumstances to warrant a change in custody. After an ore tenus hearing, the trial court awarded the father custody of the two minor children conditioned upon the husband maintaining custody in Jefferson County.
The paramount consideration in any child custody case is the welfare and best interest of the children involved. Parsons v.Parsons, 337 So.2d 765 (Ala.Civ.App. 1976). Additionally, the award of custody is always a matter for the exercise of judicial discretion by the trial court, and this court will reverse only where such discretion is abused. Quinn v. Quinn,351 So.2d 925 (Ala.Civ.App. 1977). It is also an applicable principle of law that a party seeking modification of a child custody provision in a divorce decree has the burden of showing a material change of circumstances which will warrant modification. Small v. Small, 412 So.2d 283 (Ala.Civ.App. 1982).
Suffice it to say that considering the welfare and best interest of the children, even in light of the burden on the person seeking modification, we do not feel the trial court erred to reversal in removing the children from a situation where, under these facts, their mother has married their paternal grandfather, the mother's ex-father-in-law.
The mother through able counsel further contends that the trial court erred in conditioning the award of custody to the father upon the father's maintaining his "custodial control of the children within Jefferson County." However, we fail to see how this aspect of the trial court's decree is prejudicial to the mother. It would appear that this issue would be more properly raised by the father. In any event, this issue was not properly presented or argued on appeal. Rule 28, Alabama Rules of Appellate Procedure.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 656