WRIGHT, Presiding Judge.
This is a child custody case.
The parents of the minor child have never been married. The child, John Tillery, was declared to be the son of Roger Hubbard by the Pike County Juvenile Court on May 26, 1986. In June 1986 the father filed a petition for custody in the Circuit Court of Pike County. A hearing was held in July 1986. After evidence was given ore tenus, the court granted custody to the father and awarded visitation rights to the mother. The mother appeals from the judgment of the court and we affirm.
The issue on appeal is whether the trial court erred in awarding custody of the child to the father. The prevailing consideration of the trial court in child custody cases is the welfare and best interests of the child. Green v. Green, 446 So.2d 654 (Ala.Civ.App.1984).
Our review of child custody cases is narrow. The matter of custody is within the sound discretion of the trial court. Its judgment is accorded a presumption of correctness. We will not reverse that judgment on appeal except for abuse of discretion, or where it is so unsupported by the evidence as to be plainly and palpably wrong. Bullington v. Nichols, 450 So.2d 121 (Ala.Civ.App.1984).
After reviewing the record, we cannot say that the trial court erred. The mother testified that she had moved twelve times since the child was born. She has been married twice and at the time of the custody hearing lived with a man out of wedlock, yet she is barely out of her teens. She was not self-supporting, but depended on her current boyfriend to support her and the child. Much evidence was produced by the father indicating that a change of custody would be in the child’s best interest. The father holds a steady job and has received his high school equivalency diploma. He has been married for four years. His wife holds a part-time job at a local hospital. The father’s parents live nearby and are available to visit and help care for the child. The evidence revealed that the father is able to provide a loving home for the child as well as financial and emotional stability which was lacking in the child’s life while in the custody of the mother. Thus the finding by the trial court is not so unsupported by the evidence as to be an abuse of judicial discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.