INGRAM, Judge.
Victoria Sue and Robert William Shugrue were divorced on April 23, 1987. The final decree of divorce awarded, inter alia; custody of the parties’ two minor children to the father, Robert William Shugrue, and ordered the mother, Victoria Sue Shugrue, to pay to the father $100 per month as child support. That decree also provided that an outstanding debt owed to intervenors John Shugrue and Pauline Shugrue be paid from the proceeds of the sale of the home of the parties in contention here.
The wife appeals from the decision of the trial court. She contends that, in each of the above awards, the action of the trial court constituted an abuse of discretion. She further raises certain evidentiary issues on appeal.
The primary issue on appeal is whether the trial court’s award of custody of the two minor children to the father was an abuse of discretion. The prevailing consideration of the trial court in child custody cases is the welfare and best intereste of the child. Green v. Green, 446 So.2d 654 (Ala.Civ.App.1984).
Our review of child custody cases is extremely narrow. The matter of custody is within the sound discretion of the trial court. Its judgment is accorded a pre *538 sumption of correctness. We will not reverse that judgment on appeal except for abuse of discretion or where it is so unsupported by the evidence as to be plainly and palpably wrong. Bullington v. Nichols, 450 So.2d 121 (Ala.Civ.App.1984).
After reviewing the record, we cannot say that the trial court erred. There was testimony that both parents were loving toward the children. However, evidence was presented that the mother had a difficult time handling stressful situations and has recently attempted suicide through an overdose of Tylenol. Thus, we cannot say that the trial court erred in its award of custody to the father, as the standard appropriate in custody determinations is the best interest of the child. Baine v. Baine, 510 So.2d 262 (Ala.Civ.App.1987).
The mother contends that the lower court erred in requiring her to pay $100 per month to the father for support of the two children. This court has held that a mother may be compelled to support her minor child, even without a showing that the father lacks the ability to do so. Murphy v. Murphy, 440 So.2d 654 (Ala.Civ.App.1983). The trial court must determine support based upon the particular facts of each case. Murphy, supra. The facts in this case reveal that the mother earns a steady, moderate income and is able to provide support for her children. The trial court has wide discretion in determining child support proceedings. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984). We will not substitute our judgment for that of the trial court, as we are unable to conclude that its actions were palpably wrong. Justice v. Justice, 460 So.2d 1330 (Ala.Civ.App.1984).
The mother next argues that the trial court erred in awarding the intervenors, John Shugrue and Pauline Shugrue, the parents of Robert William Shugrue, a judgment for $3,868.00. The intervenors claimed this amount as due them for money they had spent in the construction of the marital home of Victoria Sue Shugrue and Robert William . Shugrue. The trial court ordered this amount to be paid from money held in escrow realized from the sale of the marital residence.
The facts reveal that the parents of Robert William Shugrue financed and built a house for the parties at a cost to them of over $27,000.00. The parties then mortgaged the house and paid the full mortgage amount to John and Pauline Shugrue. The balance owed then to John and Pauline Shugrue was approximately $4,700.00. All involved parties then allegedly agreed orally that the balance would be paid off in yearly installments made up of one-half of the income tax refund of Robert William and Victoria Sue Shugrue’s joint income tax refund. One payment was made in the amount of $900.00, but, over the course of several years, no other payments were made. Intervenors now claim $3,868.00. The wife objects to paying this amount to intervenors. She argues that, due to the statute of frauds, the contract that inter-venors assert is unenforceable because it was not enforceable within one year. The intervenors argue that the statute of frauds is inapplicable because it was not raised as an affirmative defense in a responsive pleading. Generally, affirmative defenses are waived unless pleaded. Rule 8(c), Alabama Rules of Civil Procedure. However, the rules are silent concerning responsive pleadings to a motion for intervention. In any case, under Rule 15, A.R.Civ.P., an amendment of pleadings may be made at any time, and, if evidence is presented or an issue raised without objection, the pleadings are deemed amended to conform to the evidence. Coughlin v. Cain, 380 So.2d 883 (Ala.Civ.App.1980). The record reveals that evidence was presented at trial concerning the statute of frauds, and the matter was considered by the lower court. In this case, it seems clear that the statute of frauds applies. It is apparent that it was the intent of the parties that the contract would not be completed within one year. The intervenors stated that the money was to be paid over a number of years by making payments from Robert William Shugrue’s and Victoria Sue Shugrue’s income tax return. Thus, we find that the trial court erred in its award, *539 included in the divorce decree, to the inter-venors.
The mother also raises certain ev-identiary issues on appeal. The first concerns the trial court’s admission into evidence a tape recording of a telephone conversation between Robert William Shugrue and Victoria Sue Shugrue in which she admitted using marijuana. The second concerns the trial court’s excluding from evidence a letter pertaining to an evaluation of the mother’s ability to care for the children. We note that the admission of evidence is generally within the sound discretion of the trial court, subject only to the palpable abuse rule. We find no such abuse here. Furthermore, the harmless error rule requires that no judgment may be reversed due to improper admission of evidence unless, following examination of the case in its entirety, it appears that the error complained of has injuriously affected the substantial rights of the parties. Slay v. McKean Paint & Hardware Store, Inc., 55 Ala.App. 487, 317 So.2d 326 (Ala.Civ.1975); Rule 61, A.R.Civ.P. We cannot say that the trial court erred to reversal concerning these issues.
Abundant evidence was presented sufficient to allow the trial court to make its determination, even disregarding the evi-dentiary issues objected to.
This case is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.