INGRAM, Presiding Judge.
On November 2, 1987, after approximately 7-½ years of marriage, the mother filed a petition for divorce. Subsequently, on November 19, 1987, the father filed an answer along with a counterpetition wherein he sought custody of the parties’ three-year-old son. Shortly thereafter, he filed a motion to obtain temporary custody of the child. In response to this motion, the mother also filed a motion for temporary custody, which the trial court granted without a hearing. The father subsequently filed a motion to dissolve the temporary custody order, which the trial court denied after an ore tenus proceeding. The father then amended his counterpetition by alleging that the mother had committed adultery during the parties’ marriage. After an ore tenus proceeding, a final divorce decree was rendered on June 17, 1988, on the grounds of incompatibility. Within its decree, the trial court found insufficient evidence of adultery and found that the mother was a fit parent. The trial court nevertheless removed the child from the mother’s custody and awarded physical and legal custody of the child to the father. This transfer was based in part on the trial court’s finding that the mother’s involvement with a third-party male had an adverse effect on the child’s emotional well-being. The trial court also found that the father had provided, and would continue to provide, a “warm, stable, supportive environment” for the child. The mother appeals from this decree.
In a divorce case, determination of child custody falls within the judicial discretion of the trial court. This court will presume that the trial court properly applied its discretionary authority where, as was the case here, a custody award is made after an ore tenus proceeding. Although a child’s best interest is of utmost importance, we may not reweigh the evidence or substitute our judgment for that of the *800 trial court. Consequently, absent a palpable showing of abuse, a trial court’s decision regarding custody matters will be upheld on appeal. Shugrue v. Shugrue, 520 So.2d 537 (Ala.Civ.App.1988); Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App.1985).
The mother argues that the trial court erred in awarding physical and legal custody of the parties’ three-year-old son to the father. This argument is based in part on (1) evidence that the mother was undis-putedly a good parent and (2) evidence that the father was willing to share physical and legal custody of the child with the mother. In addition, there was evidence that the child wbuld spend weeknights with a baby-sitter since the father works the 11 p.m. until 7 a.m. shift at the B.F. Goodrich Plant in Tuscaloosa.
In view of the numerous cases dealing with child custody awards, we find that nothing would be contributed to the law by a detailed summation of the evidence in the present case. The record reveals that both parties loved the child and were fit to have custody of the child. In light of this evidence, the trial court could have validly awarded custody to either party. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986). In view of the above and in light of our standard of review, we cannot say the trial court erred in awarding custody of the child to the father.
The mother also argues that the trial court applied the wrong evidentiary standard in determining the burden of proof necessary to change custody from the mother to the father. The trial court specifically found that the child’s “best interest in light of all of the evidence and testimony [presented] dictates that he be placed in the custody of his father.” The mother contends that the trial court’s failure to apply the McLendon standard when modifying its prior temporary custody award resulted in reversible error.
As noted, the mother received custody of the child in December 1987, after filing a motion for temporary custody. The trial court subsequently granted an ore tenus proceeding regarding this matter after the father filed a motion to vacate the temporary custody order. The trial court described this hearing as follows:
“This is not a final custody hearing. Whatever custody order the Court rules on a pendente lite basis is not binding on the parties as a final custody decision.”
In addition, the trial court’s order rendered after the hearing contains the following language:
“1. The Defendant’s Motion to Dissolve the Temporary Custody Order is hereby denied. Temporary custody pendente lite is to remain with the Plaintiff pending further orders of this Court.”
Clearly, the trial court disposed of the child’s custody temporarily, i.e., pendente lite, pending a later final determination of the custody dispute. Thus we find that the trial court applied the correct evidentiary standard when it required the father to prove that it was in the child’s best interest to be placed in his (the father’s) custody. We have held that the McLendon rule does not apply to pendente lite orders. See Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
In view of the foregoing, the judgment of the trial court is due to be affirmed.
The father’s request for attorney’s fees is granted in the amount of $400.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.