# Mobile and Montgomery Railroad Company *v.* Smith.

### *Detinue for Three Bales of Cotton.*

1. *Substitution of lost record ; notice of motion, and recitals of record as to service of process.* — Where the summons and complaint, having been lost before final judgment, are substituted on motion, and the substituted papers show that the original process was served on the defendant, he cannot complain on error that he had no notice of the motion to substitute, nor can he contradict the recitals of the record as to the service of process on him.

2. *Form of judgment against two, when one only appears and pleads.* — In an

[Mobile and Montgomery Railroad Company v. Smith.]

action against two defendants, both of whom are served with process, if only one appears and pleads, and judgment on verdict is rendered against both, this is a mere formal defect (Rev. Code, § 2811), which will not work a reversal, if the complaint contains a substantial cause of action.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. P. O. HARPER.

The transcript in this case shows that, at the March term of said circuit court, 1867, Hon. JNO. K. HENRY presiding, the following judgment was rendered:—

"Chesley C. Smith    Came the plaintiff, by his attorney,
        v.              and suggests to the court that the orig-
Lemuel Harville.    inal papers in this case have been de-
stroyed by fire, and moves the court for leave to substitute new papers, in lieu of those destroyed. And the plaintiff having proved, to the satisfaction of the court, that the papers so proposed to be substituted are true and correct copies of the original papers; it is therefore ordered by the court, that the papers now presented be, and the same are hereby filed, and the cause continued by the defendant."

The papers so substituted, as set out in the record, are a summons and complaint in an action of detinue for three bales of cotton, brought by Chesley C. Smith, against Lemuel Harville and the Alabama and Florida Railroad Company. The summons is dated the 18th February, 1866, and is returned by the sheriff, "Executed by serving a copy of this summons and complaint on Lemuel Harville, February 25, 1866;" and there is also a return of service on the president of the railroad company on the 31st October, 1866. At the March term, 1868, the railroad company appeared, and pleaded *non detinet*. At the October term, 1868, it was "ordered by the court, that the *defendants* have leave to continue the cause, on the payment of all costs." After this, the cause was continued by the railroad company, at several successive terms, on account of the absence of Lemuel Harville as a witness. At the March term, 1871, the complaint was amended, by striking out the name of the Alabama and Florida Railroad Company, and inserting that of the Mobile and Montgomery Railroad Company. At the October term, 1872, the following judgment was rendered in the cause:—

"Chesley C. Smith    Came the parties, by their attorneys,
        v.              and issue being joined on the pleas of
Lemuel Harville,     the defendants, thereupon came a jury,"
and Mobile and       &c., "who, upon their oaths, do say,
Montgomery Rail-     'We, the jury, find for the plaintiff, and
road Company.        assess the value of the three bales of
cotton sued for, as follows: one bale at $233.10, one bale at $224.55, and one bale at $207.45; and we also assess the

[Mobile and Montgomery Railroad Company v. Smith.]

plaintiff's damages at $350.28.'　It is therefore considered by the court, that the plaintiff do have and recover of the defendants the said identical three bales of cotton sued for, or the sum of $665.10, the alternate value of the said bales of cotton, together with the further sum of $350.28, for his damages for the detention of the said three bales of cotton, together with the costs in this behalf expended," &c.

On a subsequent day of the same term, on motion of the railroad company, the judgment entry was corrected and amended, " so as to show that Lemuel Harville did not appear, in person or by attorney, and had never appeared in court by any attorney, and had never.filed any plea ; and that he was not called at this term of the court, but was called at the last term ; and that no judgment had ever been rendered against him in this case, either by default or *nil dicit*."

The appeal is sued out by the defendants jointly, and they jointly and severally assign as error : " 1. That the court erred in rendering judgment against Harville, who was not present, either in person or by attorney, and had not put in any plea.　2. The court erred in substituting the summons and complaint as to Harville, who had no notice, it not appearing that he was even in court.　3. The judgment against both defendants is erroneous, because one of them never appeared, pleaded, or was served.　4. The judgment is unauthorized by the verdict.　5. The verdict is too uncertain to support the judgment."

HERBERT & BUELL, with S. F. RICE, for appellants, cited *McKissack* v. *Davis*, 18 Ala. 315 ; *Murray* v. *Tardy*, 19 Ala. 710 ; *McCurry* v. *Hooper*, 12 Ala. 826 ; *Wilkinson* v. *Branham*, 5 Ala. 608 ; *Doswell* v. *Stewart*, 11 Ala. 629 ; *Boaz* v. *Heister*, 6 Serg. & R. 18 ; 12 Johns. 434 ; 1 Coxe, N. J. 54 ; 4 Rand. 386.

WATTS & TROY, with S. J. CUMMING, *contra*, cited *Ortez* v. *Jewett*, 23 Ala. 662 ; *Yonge* v. *Broxson*, 23 Ala. 689 · *Thomason* v. *Groce*, 42 Ala. 431 ; *Stephens* v. *Westwood*, 25 Ala. 717 ; *Rowan* v. *Hutchinson*, 27 Ala. 328 ; *Wittick* v. *Traun*, 27 Ala. 565, 571 ; *Hair* v. *Moody*, 9 Ala. 399 ; *Byrd* v. *McDaniel*, 26 Ala. 582 ; *Brooks* v. *Maltbie*, 4 Stew. & P. 96.

PETERS, C. J. — One of .the objections to the judgment in this case is, that there was no service of the summons and complaint on the appellant, Harville, and no appearance on his behalf, or by him in person.　Whether a defendant has . been served with process or not, or whether he has appeared by attorney or in person or not, must be shown by the record.

[Mobile and Montgomery Railroad Company v. Smith.]

In this case, there was a substitution of the summons and complaint after service, on motion for that purpose. In this substituted record there is this entry, next after the receipt of the summons and complaint by the sheriff; that is to say: "Executed by serving a copy of this summons and complaint on Lemuel Harville, February 25th, 1866." (Signed) "Wm. M. Strange, sheriff." Besides this, the record also shows that the suit was commenced on February 18, 1866. There was no objection to this entry of service in the court below; and there is nothing in the transcript that shows that it was untrue. It cannot, then, be permitted to be contradicted. This shows that Harville was properly served with process, and was properly in court. Where it appears from the substituted record that both the defendants had been served with process, before the destruction of the original record, it is not necessary that the order of substitution should show that the defendants had notice of the motion to make the substitution. After the service of process, the parties are in court, and so continue until the cause is disposed of. *Thomason* v. *Groce*, 42 Ala. 431.

2. The objection that the record does not show a judgment by default is not such a defect as will justify a reversal on that account. It is but a formal defect. It was so settled at a very early day by this court. It was said in a very early case, where this very point was presented: "It certainly cannot constitute error, for a jury to ascertain the damages instead of the clerk. Nor is it at all material, that an interlocutory judgment by default, with an order for a writ of inquiry, should precede the empanelling of the jury. This interlocutory judgment and order are altogether formal; no writ of inquiry in fact issues, but a jury is sworn, of those in regular attendance at the term, to assess the damages. Substantial defects only can be reached in this court, and not formal ones; and there being nothing substantial in this objection, it cannot be sustained." *Brooks* v. *Maltbie*, 4 S. & P. 96, 103. When the court has jurisdiction, this is still the law, and it has already been shown that it has jurisdiction in this case. "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action." Rev. Code, § 2811.

The verdict is for the plaintiff, upon the issue submitted to them, and they assess the value of the cotton sued for and the damages. For the sums of money thus assessed by the jury, there was a judgment rendered by the court against both of the defendants. This was in strict conformity with the complaint. Such a judgment is correct.

The judgment of the court below is affirmed.