# Neff *et al.* v. Edwards.

### *Action on Promissory Note.*

1. *Judgment by default against defendant not served with process; amendment of clerical misprision.*—In an action against several defendants, two of whom are not shown to have been served with process, and who did not appear, a judgment by default against them will be regarded as a mere clerical misprision, and will be amended in this court at the costs of the appellants (Code, § 3154), without remanding the cause.

2. *Costs in action against several defendants, when recovery is not against all ; amendment of clerical misprision.*—In an action against two or more defendants, against one of whom the plaintiff fails to recover,

[Neff *et al.* v. Edwards.]

such defendant is entitled to have his " aliquot proportion of the whole costs taxed against the plaintiff," (Code, §§ 3153, 2919); but, the failure to do this not being objected to in the court below, the error will be corrected in this court, without remanding the cause,

3. *Appeals from justice's court; judgment against sureties on appeal bond.*—Appeals from a justice's court being triable *de novo* (Code, § 3121), there is not a judgment of affirmance or reversal, but a new and independent judgment; and if the appeal is taken by several defendants, while the plaintiff recovers against some of them only (Code, § 3125), he is entitled to judgment against the sureties on the appeal bond, as on an affirmance.

4. *Waiver of exemptions ; averment of, in complaint.*—An averment in the complaint that, in the note sued on, " and as part thereof, defendants waived all right to claim any of their property as exempt from levy, execution sale, or other legal process, under the constitution and laws of the State," is sufficient to authorize the insertion of a waiver of exemptions of personal property in the judgment.

APPEAL from Circuit Court of Blount.

Tried before the Hon. JAMES AIKEN.

This suit was brought on a promissory note in a justice's court, by the appellee, Isaac Edwards, against the appellants, John Neff, Anna Neff, Wm. Schielie, Jess Thornton, Louis Kirshmer, R. L. Chamblee and James P. Chamblee. It was averred in the complaint before the justice, "that in said note and as a part thereof the defendants waived all right to claim any of their property as exempt from levy, execution sale, or other legal process under the constitution and laws of the State of Alabama."

The case was taken to the Circuit Court on appeal and substantially the same averment was in the complaint filed in the latter court. Judgment by default was rendered in the Circuit Court against John Neff and Anna Neff, who had not been served with process, and who did not "appear by attorney or otherwise in either the justice's or the Circuit Court." As to the other defendants, the jury found a verdict in favor of Louis Kirshmer and against Wm. Schielie, Jess Thornton, R. L. Chamblee and James P. Chamblee. The judgment of the Circuit Court, after reciting the judgment by default against the Neffs and the verdict in favor of Kirshmer, proceeds as follows : "It is therefore considered by the court, that the plaintiff have and recover judgment against the defendants, John Neff, Anna Neff, Wm. Schielie, Jess Thornton, R. L. Chamblee and J. P. Chamblee, for the sum of," &c. . . . . The fact that the case is brought to the Circuit Court on appeal is then recited, and it is further provided, "that the plaintiff have and recover judgment against the *defendants* and N. J. Chamblee and John T. Arnold as sureties" on the appeal bond. The appeal bond recites, that the appeal is taken out by R. L. and J.

[Neff *et al.* v. Edwards.]

P. Chamblee for the other defendants, and is executed by said Chamblees, *Louis Kirshmer*, Wm. Schielie, Jess Thornton, and the sureties, N. J. Chamblee and John T. Arnold. It is claimed by the appellants, that Louis Kirshmer being a party to the appeal from the justice's court and one of "*the defendants*," the judgment is against him as well as the others.

The judgment, also, recites a waiver of exemptions as to personalty and directs its endorsement on the execution.

The judgment by default against the Neffs, the alleged judgment against Kirshmer, the judgment against the sureties on the appeal bond, and the clauses of the judgment as to the waiver of exemptions, are assigned as error.

HAMILL & LUSK, for appellants.—Louis Kirshmer being one of the obligors on the appeal bond and one of the defendants, the judgment rendered by the Circuit Court embraced him.    The jury having found a verdict for him, this was error. The judgment against the sureties on the appeal bond was erroneous.    Such judgment is only authorized by the statute (Code, §§ 3125, 2919), when the judgment of the justice is *affirmed*.    The judgment of the justice in this case was not affirmed, or should not have been, the jury having found for Kirshmer.    This utterly destroyed the *unity* of the justice's judgment. —*Hill, &c. v. McKenzie*, 39 Ala. 314.    Kirshmer being entitled to his discharge under the verdict, he was, under section 3143 of the Code, entitled to have his "aliquot proportion of the whole costs taxed against the plaintiff."    The failure to provide for this in the judgment is an error injurious to the other defendants and the sureties on the appeal bond.

W. J. L. COFER, *contra.*

SOMERVILLE, J.—1.   The record shows a judgment by default against John Neff and Anna Neff, two of the defendants in the court below, upon whom no process had been served, and who did not appear by attorney or otherwise, in either the justice's or the Circuit Court.    This is a clerical error, which could have been corrected on motion in the Circuit Court.    It will be corrected in this court without remanding the cause, at the costs of the appellants, and the judgment will be declared not to be binding on said appellants, John Neff and Anna Neff.—*Ladiga Saw Mill Co. v. Smith*, 78 Ala. 108; Code, 1876, § 3154.

2.    It is shown by the judgment-entry that the plaintiff failed to recover against the defendant Kirshmer, and he

[Neff *et al.* v. Edwards.]

was, therefore, entitled to have his "aliquot proportion of the whole cost taxed against the plaintiff."—Code, 1876, §§ 3143, 2919. The judgment will be corrected in this court so as to adjudge the said defendant Kirshmer to be entitled to his costs as against the plaintiff.

3. Appeals from judgments rendered by a justice of the peace are tried in the Circuit Court *de novo*, the judgment in the latter court not being one of affirmance, nor a reversal of the justice's judgment, but a new and independent judgment founded on the merits of the case as tried in the Circuit Court.—*Burns v. Howard*, 68 Ala. 352; *Abrams v. Johnson*, 65 Ala. 465; Code, 1876, § 3121. We must construe, in the light of this principle, section 3125 of the Code relating to the rendition of judgments in the Circuit Court against sureties on appeal bonds from justices of the peace. This section provides that "where the judgment is affirmed, on appeal or *certiorari*, judgment must be rendered by the court against the surety, as well as the principal, which must include the costs of the inferior and appellate court."—Code, 1876, § 3125. Under this section the Circuit Court was fully authorized to render judgment against Chamblee and Arnold, the sureties of two of the appellants from the justice's court who failed to prosecute their appeal to effect in the Circuit Court, the judgment appealed from being several as well as joint.—Code, 1876, § 2905.

4. The intention of the defendant to waive all exemptions of personal property was expressed with sufficient clearness in the note sued on, and the complaint contained an averment of such waiver with sufficient certainty to authorize the court to render a judgment adjudging a waiver of such exemptions under the statute.—Code, 1876, §§ 2848, 2847.

The judgment of the Circuit Court will be corrected as above stated, at appellant's cost, and as thus corrected will be affirmed.