# Whittleshoffer *v.* Strauss & Steinhart.

88  517
120  640.

*Trover and Case by Mortgagee, for Conversion of Cotton.*

1. *Mortgage of unplanted crop; rights and remedies of mortgagee.*—A mortgage of an unplanted crop does not convey a legal title, on which the mortgagee may maintain an action of trover for the conversion of the crop, unless he had acquired possession; but it conveys an equitable title and interest, which will support an action on the case against a third person, who, having notice of the mortgage, received and sold the crop.

2. *Registration of mortgage, as constructive notice.*—The registration of a mortgage, in the office of the probate judge of the proper county, operates as constructive notice; and an averment of such registration, in a complaint by the mortgagee against a purchaser, is equivalent to an averment of notice.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

RICE & WILEY, for appellants.

ARRINGTON & GRAHAM, *contra.*

CLOPTON, J.—The action was brought by the appellees, before a justice of the peace, to recover for the conversion of a bale of cotton; and was tried in the Circuit Court on appeal by defendants from the judgment of the justice. The plaintiffs claimed under a mortgage made by R. J. Stripling, February 4th, 1885, which embraced the crops to be grown during the current year. The defendants requested the court to charge the jury, if the mortgage under which plaintiffs claimed was made on an unplanted crop, and the cotton in controversy was a part of the crop grown, and plaintiffs never had possession of the cotton, they could not recover in this action for its conversion. Though a mortgage on an unplanted crop creates only an equity, which, unless possession is taken or received after the crop is planted, or there is some new act effectual to pass the legal title, will not support an action of trover, the mortgagee may maintain an action on the case against a stranger, who has converted or disposed of the crop with notice of the lien.—*Rees v. Coats*, 65 Ala. 256. Counts in trover and in case were

[Georgia Pacific Railway Co. v. Propst.]

joined in the complaint; and though the plaintiffs, on the hypothesis of the charge, were not entitled to recover on the count in trover, they might recover on the count in case. The charge, by the terms in which it was written, would have been equivalent to an instruction, that the plaintiffs could not recover on either count of the complaint, notwithstanding they had a lien on the cotton, and the defendant converted it with notice of such lien.

The complaint avers the registration of the mortgage in the proper office. This is a sufficient averment of notice of the lien, such registration being constructive notice.—*Smith v. Fields*, 79 Ala. 336.

Judgment was properly rendered against the sureties on the appeal bond.—Code, § 3125.

Affirmed.