# Mount *v.* Stewart.

## *Appeal Case from Justice's Court.*

1. *Judgment by nil dicit, as waiver of defects.*—In an appeal case from a justice's court, the defendant being the appellant, a judgment by *nil dicit* is a waiver of defects or irregularities which might have prevailed to prevent its rendition; as where it was rendered during the third week of the term, and the record does not show an order made during the first week setting the case for trial during the third week, as required by a local statute.

2. *Judgment against administrator and sureties on appeal bond, after declaration of insolvency.*—In an action against an administrator, commenced in a justice's court, and removed by appeal into the Circuit Court, where the insolvency of the intestate's estate is suggested, judgment may be rendered against the sureties on the appeal bond, for the amount of the debt, with an order for the issue of execution, although the judgment against the administrator is ordered to be certified to the Probate Court.

3. *Judgment for costs, against sureties.*—In an appeal case from a justice's court, judgment by *nil dicit* being rendered against the defendant and his sureties on the appeal bond, the judgment is properly made to include the costs in the justice's court as well as the costs of the appeal.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon: JOHN B. TALLY.

This action was brought by J. M. Stewart, against Mrs. Mary A. Mount, as administratrix of the estate of D. V. Heifner, deceased, and was commenced in a justice's court, where judgment was rendered for the plaintiff, as the justice's docket showed, "for $67.10, balance due, with interest, on waive note dated January 2, and due October 15, 1883." From this judgment the defendant took an appeal to the Circuit Court, and gave bond with E. B. Hogan and J. H. Busby as her sureties. In the Circuit Court, on the 9th March, 1888, judgment was rendered as follows: "Came the parties by attorneys, and the defendant withdraws her pleas heretofore filed in this cause, and says nothing in bar or preclusion of plaintiff's demand. It is therefore considered by the court, that the plaintiff have and recover of said defendant, as administratrix of the estate of D. V. Heifner, deceased, and of E. B. Hogan and J. H. Busby, her sureties on the appeal bond from the justice's court, $80.40, as claimed in his complaint, together with all the costs in this behalf expended, for which let execution issue against said

[Mount v. Stewart.]

sureties, E. B. Hogan and J. H. Busby; and against this judgment no personal property shall be exempt from levy and sale. And it having been shown to the court that the estate of said D. V. Heifner has been declared insolvent in and by the Probate Court of Calhoun county, it is ordered that no execution on this judgment issue against said administratrix, but that the same be certified to the Probate Court of said county." The judgment is now assigned as error by the sureties.

CALDWELL & HAMES, and CALDWELL & JOHNSTON, for appellants.

E. H. HANNA, contra.

SOMERVILLE, J.—1. The judgment appealed from is one taken against the appellant *nil dicit*, on March 9th, 1888, during the third week of the term of the Calhoun Circuit Court. It is provided by the act approved February 28th, 1887 (Acts 1886–87, p. 161), that the first week of said Circuit Court shall be devoted to the trial of civil cases, and the second week, with so much of the third week as may be necessary, to the trial of criminal cases; "provided," it is added, "the presiding judge *may set down for trial* for the third week any civil business undisposed of during the first week of the term."—Code, 1886, p. 225, note. It is insisted that the judge made no order setting this cause down for trial for the third week, and for this reason the judgment ought to be reversed. Whatever force there might be in this suggestion, had the judgment been one by default merely, or had the defendant appeared and objected to proceeding on the ground that no such order had been made, it has no force in the present state of the record. The defendant is shown to have appeared, and to have withdrawn such appearance on the day the judgment was rendered. He said nothing in bar or preclusion of the plaintiff's demand in the lower court; and that was a waiver of his right, if such he had, to raise the objection, that the judgment was rendered without setting the cause to be heard during the third week.

2. The insolvency of the estate of Heifner, the intestate of the appellant, Mrs. Mount, did not affect the liability of the sureties on her appeal bond, which was approved by the justice of the peace. The obligation was to pay such judg-

[Cooper v. Davison.]

ment as to debt and costs, as might be rendered against said administratrix. The judgment rendered against her was for the same amount as that against her sureties. The only difference was, that no execution could issue against her, in view of the insolvency of the estate, such judgment being required by statute to be certified to the Probate Court. Code, 1886, § 2251. The discharge of the administratrix as to a part of the judgment, by reason of the insolvency of the estate of her intestate, was effected by operation of law, without the consent or procurement of the creditor. It did not therefore operate to discharge the sureties of any part of the obligation of their original contract.—*State v. Parker*, 72 Ala. 181; *Phillips v. Wade*, 66 Ala. 53; *Philips v. Solomon*, 42 Ga. 192; Brandt on Sur. § 128; *Bean v. Chapman*, 62 Ala. 58.

3. The statute authorized the rendition of judgment against the sureties on the appeal bond, upon the rendition of judgment against the principal on the trial of the appeal *de novo* in the Circuit Court, not only for the amount of the debt or demand, but for the costs of the inferior and appellate courts.—Code, 1886, § 4310; Code, 1876, § 3125; *Neff v. Edwards*, 81 Ala. 246.

We discover no error in the record, and the judgment is affirmed.