# Long *v.* Gwin.

### *Assumpsit.*

(Decided June 30, 1914. 66 South. 88.)

1. *Appeal and Error; Right to Allege.*—Where the action was in Code form against several makers of a note, the only defendant who defended cannot complain that the action was discontinued as to other defendants who were not served, as authorized by section 2502, Code 1907, nor that the service was not proper as to others against whom default judgment was rendered.

[Long v. Gwin.]

2. *Dismissal and Non-Suit; Grounds.*—In an action against several alleged makers of a note, there was no discontinuance in taking a default judgment against those defendants who did not appear, and in proceeding to trial against the others.

3. *Judgment; Default; Correction.*—Any error in rendering a default judgment against defendant who had not been properly served, may be corrected in the trial court on motion, or in the Supreme Court without remanding the cause if the judgment can be otherwise affirmed, at the cost of appellant.

4. *Same; Final.*—A judgment by default against defendants who do not appear is in its nature interlocutory to await disposition as to the other defendant, and is made final when judgment is rendered against the other defendants.

5. *Bills and Notes; Liability as Endorser; Presumption.*—Where the note itself bore defendant's signature on its back it showed prima facie that defendant was liable only as endorser, and in an action against such one as the maker of the note, plaintiff could not recover unless this prima facie presumption was rebutted, or unless proper notice of dishonor had been given.

6. *Same; Evidence; Parol.*—Where prima facie the note showed that one of defendants was liable only as an endorser, plaintiff could show by parol that although defendant's name was signed on the back of the note, he was in fact, liable as a maker and signed the note as such, and not as an endorser, and defendant was entitled to show if he could, that he was not liable as a maker, but was liable only as an endorser, if at all; parol evidence in such case not varying the written contract, but explaining the real contract, and the intention of the parties.

7. *Same; Liability of Endorser; Condition Precedent.*—An endorser's contract is conditioned on due presentment for payment to the party primarily liable, the maker or acceptor, and notice of dishonor; a failure to make such presentment or give such notice discharges the endorser.

8. *Same; Presentment; Maker.*—A maker of a note being primarily liable is not entitled to presentment or to notice of dishonor.

9. *Same; Endorsement; Irregular.*—Where a party writes his name on the back of a note as endorser, at its inception, and not after it was fully executed, it is an irregular endorsement.

10. *Same.*—The payee of a note is usually the first endorser, and liable next after the maker or acceptor.

11. *Same; Liability of Endorser; Jury Question.*—Under the evidence in this case it was for the jury to say in what capacity defendant signed, whether as maker or endorser.

APPEAL from Bessemer City Court.

Heard before Hon. JAMES TROTTER, Special Judge.

Action by M. M. Gwin against R. H. Long and others, upon a bill single or promissory note. Judgment for

plaintiff, and defendants appeal. Reversed and re-manded.

The seventh plea of defendant Long is as follows:

Plaintiff should not recover in this case against this defendant for that the instrument sued on was a negotiable instrument, and this defendant was, if liable at all, only liable as an indorser, and that said instrument was dishonored by nonpayment at maturity, and that notice of such dishonor was not given this defendant when said instrument was so dishonored, nor within the time required by law for such notice; therefore this defendant is discharged from liability on said instrument.

ESTES, JONES & WELCH, and WILLIAM MILLIKEN, for appellant. Having proceded to judgment by default against a part of defendants there was a discontinuance as to defendant Long.—23 Cyc. 736; 6 Enc. P. & P. 20; *Brooks v. Maltbie,* 4 S. & P. 96; *Dearing, et al. v. Smith, et al.,* 4 Ala. 432; 9 Ia. 355; 8 Tex. 131. Plea 3 was a good plea, and not subject to the demurrers interposed. —1 Brick. 394; 3 Brick. 152; 9 Cyc. 321. The same is true of pleas 4 and 10. Plea 11 was a good plea.—*Richardson v. Fields,* 124 Ala. 535. It was competent to show how defendant signed the note, but it was not competent for plaintiff to introduce evidence as to whether Long was a maker or an endorser, as they cannot be jointly sued.—*Scarbrough v. City Nat. Bank,* 157 Ala. 577. The complaint declared on a bill single, and the paper offered in evidence was a plain promissory note. This constituted a variance.—*Davis v. McWhorter,* 122 Ala. 571. Counsel discuss other matters complained of, but cite no additional authority.

PINKNEY SCOTT, for appellee. There was no discontinuance.—§§ 2502 and 5384, Code 1907. There was no variance.—*Davis v. McWhorter,* 122 Ala. 672. It did

[Long v. Gwin.]

not matter where defendant signed the note, whether as maker, in front or on the back.—*Eudora Co. v. Barclay,* 122 Ala. 506; *Carter v. Long,* 125 Ala. 280. The following authorities answer all the other arguments advanced by appellant.—*Bomar v. Rosser,* 131 Ala. 215; *Dexter v. Ohlander,* 93 Ala. 441.

MAYFIELD, J.—Appellee sued appellant and a number of others on a written instrument, in form a promissory note, but in the complaint denominated a "bill single." With this exception the complaint is in Code form, for an action by the payee against the several makers of a promissory note.

Several of the defendants, alleged makers, were not served, and as to these the plaintiff discontinued, as is authorized by section 2502 of the Code. As to this there was no error nor injury of which this appellant can complain. The other defendants served, than Long, failed to appear and defend, and judgment by default was entered against them; and the case proceeded to trial as against defendant Long. It appears that some of these defendants, against whom judgment by default was rendered, had not been properly served, but as to this there was no reversible error nor error of which Long could complain.

This error can be corrected in the trial court on motion, or in this court, without remanding the cause, if the judgment can be otherwise affirmed, at the cost of the appellant.—*Neff v. Edwards,* 81 Ala. 246, 2 South. 88.

There was no discontinuance of this cause by the taking of judgment by default against those who did not appear, and proceeding to trial as against the others.

In such case the judgment by default is, in its nature, interlocutory, to await disposition of the case as

to the other defendants; and in this case it was made final when judgment was rendered against the other defendants.—*Brooks v. Maltbie,* 4 Stew. & P. 96; *Mobile Co. v. Smith,* 51 Ala. 329; *Neff v. Edwards, supra.*

The defendant Long interposed several pleas, including that of non est factum; and demurrer was sustained as to all except the plea of non est factum.

Plea 7 presented a good defense to the instrument; that is, if the facts alleged in the plea were true, the defendant Long was not liable, though he had signed the instrument sued on.

The action is by the payee against the makers of a note. The complaint did not show that plaintiff was a bona fide purchaser or holder of the instrument. The complaint shows an action only between the original parties to the contract sued on, and hence the defenses set up were availing to the defendant.

While the defendant is sued as a maker, the instrument on its face prima facie shows that the defendant is liable only as an *indorser.* Unless this prima facie presumption is rebutted, which may be done in this action, the plaintiff cannot recover.

The plaintiff in this action had the right to show that, although Long's name was signed on the back of the note, yet he was in fact liable as a maker, and signed the note as such and not as an indorser. On the other hand, the defendant had the right to show that he was not liable as maker, but liable, if at all, only as indorser.

It is made to appear in the case beyond dispute that defendant Long's signature to the note was on its back; and therefore he was prima facie indorser and not maker; yet it is also conclusively shown that he signed before the note was delivered, and that the note had never been indorsed by the payee; that he still holds it and sues on it as the original payee; and that Long signed

[Long v. Gwin.]

the note at its inception to give it credit.  The rule is thus stated in Randolph on Commercial Paper, vol. 2, §§ 833, 841:

"Sec. 833.  In distinction from cases that hold such indorsement to be conclusively a joint making are those which hold it to be such *presumptively*.  And this has been held to be the case prima facie, although the indorsement was expressly 'without demand and notice.'  While such is the presumptive contract, parol evidence of a different intention is admissible between the immediate parties to the contract, but not against a bona fide holder of the note for value before maturity.  And it has been held that his intention to contract as maker may be shown by parol in an action brought by him against the payee as a prior indorser, although the payee indorsed first.  On the other hand, it has been held that parol evidence is requisite in order to render such an indorser liable either as maker or guarantor.  And to hold him as maker, not only such an intention must be proved, but also the fact that his indorsement was at the inception of the note, and that he was privy to the original consideration.  But an averment that he indorsed the note before its delivery to induce the payee to take it is sufficient, although, if such averment had been denied by the plea he might have been shown to be a guarantor.  According to his intention, he has been held to be a maker or surety, a maker or indorser, a maker or guarantor, a maker, guarantor, or indorser.  And, irrespective of presumptions, the meaning of such indorsement obviously becomes a question of intention, to be determined by the evidence in the case, although this statement is sometimes restricted to actions between the original parties and in the absence of indorsement by the payee, while, if such indorsement appears above that of the payee, it is said to

[Long v. Gwin.]

have been made presumptively to obtain credit with the payee and to belong, as such, prima facie to the original contract, sharing in the original consideration."

"Sec. 841.   *   *   *   Parol evidence, where it is admissible, may show that such indorser is liable to the payee. So that the indorsement was made at the date of the note and intended as an original promise, and that the payee afterwards indorsed the note above such signature; or, on the other hand, that it was not contemporaneous with the note, and therefore not a joint promise, or was indorsed at the maturity of the note as a guaranty. Moreover, such indorser may show, at the suit of the original payee, that he had expressly refused to sign as joint maker, or that he had signed with the payee's name blank under a special agreement, and that a diversion of the paper had been made contrary to the agreement, or that he had signed merely as a witness for the payee."

It follows, therefore, that the trial court erred in sustaining demurrers to special plea 7 and in declining to allow defendant to introduce proof tending to show that he had signed the note as an indorser and not as maker. Strange to say, the court allowed plaintiff to testify that the defendant told him he signed the note as maker but would not let the defendant show that he signed it as indorser and not as maker. The note purported to be signed by the defendant Long as indorser and not as maker; and the defendant's proposed evidence did not even tend to contradict the writing as did that of the plaintiff, which was received, but as we have shown above, this was only prima facie, and not conclusive.

Either party to the contract may show in what capacity the note was signed; that is, as maker, surety, indorser, guarantor, etc. This is one of the well-recognized exceptions to the general rule that parol evidence is

not admissible to vary a written contract. It does not, in such cases, vary the written contract, but explains it, and shows what the real contract and intention of the parties was.

"The indorsement as written, although a necessary part of the contract, is not the whole of it. The entire contract is the writing as understood, delivered, and received, and is to be gathered from the language, usage, course of business, and relation of the parties. The rights of the immediate indorsee are affected by the actual contract with his indorser, but subsequent purchasers without notice are entitled to look to the indorsement for all that it appears to be on the paper. Parol evidence of the actual contract has on this ground been held to be admissible between the immediate parties or against subsequent holders with notice. And on the theory that a blank indorsement is a contract only so far expressed in writing as to raise a presumption of a certain undertaking, which is not conclusive except in favor of subsequent bona fide holders for value, parol evidence is admitted to explain the true contract between the original and immediate parties. And this is unquestionably true of the blank indorsement of a non-negotiable bill or note. Indorsements at the making of a note, and before that of the payee, made by one who is not otherwise a party to the note, are to be distinguished from ordinary commercial indorsements, and are considered by themselves in a later chapter. In Georgia it is expressly provided by statute that all blank indorsements may be explained by parol evidence as against immediate parties and parties with notice. On the other hand, most authorities hold that the implications and intendments which the law merchant has attached to blank indorsements of negotiable commercial paper render them express and complete contracts,

which cannot be explained or varied by parol. This rule, as we shall see, has many exceptions. It has been applied even to an indorsement in blank made after maturity. Under it such evidence has been held to be inadmissible, even against an immediate indorsee, to contradict the indorsement by showing that the indorser was not liable. But an indorser may show, in an action by his immediate indorsee, an agreement on his part to sue the acceptor only, and not to look to the indorser."—Randolph on Com. Paper. vol. 2, § 778.

The other pleas as to which demurrers were overruled were either bad, or subject to demurrer, or were fully covered by plea 7. It should be remembered that the liability of a maker is entirely different from that of an indorser. The contract expressed and that implied are different. Defenses are availing to one, which are not to the other.

The indorser's contract is conditioned on due presentment for payment to the party or parties primarily liable, the maker or acceptor, and the notice of dishonor, and a failure to make such presentment or to give such notice will discharge the indorser; but of course the maker of the note, who is primarily liable, is not entitled to presentment or to notice. Of course the indorser may waive the presentment and notice, but that question is not now in this case. Also, if the holder releases the maker or acceptor, this will effect the discharge of all subsequent parties, such as indorsers, unless the right against them is expressly reserved.

There are, of course, irregular indorsements, such as appear in this case, if the parties who wrote their names on the back of this note were indorsers and not makers. It appears that they so signed the note at its inception, and not after it was fully executed, as is the case of ordinary indorsements of notes.

[Long v. Gwin.]

The payee is usually the first indorser, and is liable next after the maker or acceptor; but here it is undisputed that the payee has never indorsed, or parted with the title to, the note, though the names of several parties, including the defendant Long's appear on the note prima facie as indorsers and not as makers. As we have said, in such cases parol proof is admissible to show in what capacity the persons signing such notes acted; that is, as makers or indorsers. This is certainly true in actions like this, between the original parties, to the contract. Such evidence tends to explain, and not to contradict, the writing.

The note here sued on was declared on as against the makers only; on its face it appeared that some of the defendants signed as indorsers and not as makers, and, if such was the fact, of course there was a material variance between the allegations and the proof; but parol proof was admissible to show that they signed as makers, and to thus prevent a variance, and the note would then be admissible in evidence, and it would then be a question of fact for the jury to say in what capacity they signed.

What we have said will be a sufficient guide on the next trial.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.