(98 South. 560)

**BROWN, WEBB & CO. et al. v. SOUTHERN WOODENWARE CO.   (8 Div. 593.)**

(Supreme Court of Alabama.  Nov. 1, 1923.
Rehearing Denied Dec. 20, 1923.)

1. **Justices of the peace ⬅191(4)—On affirmance on appeal judgment against appellant should also be rendered against his sureties on appeal bond.**

Where, on defendants' appeal from a justice of the peace to the circuit court, there is a trial de novo, and following the verdict of the jury judgment is again rendered against the defendants, such judgment should also be rendered against their sureties on the appeal bond, under Code 1907, § 4725, so requiring.

2. **Bankruptcy ⬅391(3)—On affirmance of judgment, error to order execution against sureties on appeal bond while staying execution against appellants.**

Under Code 1907, § 4725, requiring that, on affirmance of justice court judgment, the court shall render judgment against the sureties on the appeal bond as well as appellants, the action of the circuit court, on affirming a judgment against defendants, in ordering execution against the sureties on the appeal bond and staying execution as to defendants pending action by the federal bankruptcy court on their final discharge, was improper, though an order from the bankrupt court authorizing such judgment was filed.

3. **Justices of the peace ⬅191(4)—On affirmance on appeal, judgment to be rendered against sureties on appeal bond is that against appellants.**

Where the circuit court, on affirmance on appeal from the justice's court, rendered the same judgment against appellants and the sureties on the appeal bond, as required by Code 1907, § 4725, but afterwards conditionally suspended execution against appellants alone, the judgment was erroneous.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Bankruptcy** ⬅➡**391 (3)—Bankruptcy court order, permitting on condition trial of action pending against defendants in state court, held to require continuance.**

Where defendants appealed from the justice to the circuit court and plaintiff filed an order from the federal bankruptcy court, where defendants were going through involuntary bankruptcy, permitting the trial to proceed in the circuit court provided any judgment obtained against defendants contained a stay of execution against them pending their final discharge, the circuit court should have stayed the proceeding by proper order of continuance pending such discharge in view of Code 1907, § 4725, requiring that, on affirmance by the circuit court, the same judgment be given against appellants and the sureties on their appeal bond.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by the Southern Woodenware Company against Brown, Webb & Co. and others. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

W. L. Chenault, of Russellville, for appellants.

There is no provision of law for the rendition of a conditional judgment against the principal and an unconditional judgment against the sureties. Code 1907, § 4725; Young v. Howe, 150 Ala. 157, 43 South. 488.

Engel & Mudd, of Birmingham, and Key & Key, of Russellville, for appellee.

The circuit court had authority to stay execution against the bankrupt and allow execution against the sureties. Chickasaw Hotel Co. v. Barker Const. Co., 135 Tenn. 305, 186 S. W. 120, L. R. A. 1916F, 106; Remington on Bankruptcy, 2672; McLeod v. Mills, 29 Ga. App. 87, 113 S. E. 699; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Rogers v. Abbott, 206 Mass. 270, 92 N. E. 472, 138 Am. St. Rep. 394; 7 C. J. 350; Goyer v. Jones, 79 Miss. 253, 30 South. 651; James v. Kitzenger Co., 13 Ala. App. 448, 68 South. 582; Kohn, Weil & Co. v. Weinberg, 110 Miss. 275, 70 South. 353; In re Buchanan, 219 Fed. 492, 135 C. C. A. 204; Young v. Howe, 150 Ala. 157, 43 South. 488; Collier on Bankruptcy (12th Ed.) 415; Chewning v. Knight, 16 Ala. App. 357, 77 South. 969.

MILLER, J. This is a suit by the Southern Woodenware Company a corporation, against Brown, Webb & Co., and the individuals composing the partnership. It was commenced in the justice of the peace court for $75.75, due by account. There was judgment for plaintiff, and the defendants appealed therefrom to the circuit court. H. B. Kilpatrick,

Hud Rivers, and J. M. Bonner signed as sureties the appeal bond of the defendants to the circuit court. There was jury and verdict in favor of plaintiffs in the circuit court for $71.57 against the defendants. The court rendered judgment on the verdict of the jury against the defendants and the three sureties on the appeal bond for the $71.57 and costs of the cause; and the court directed execution, to be issued only against the sureties on the appeal bond, and execution was by the court stayed as to the defendants until the bankrupt court passed on the application of the defendants for final discharge.

The defendants alone prosecute this appeal from that judgment, by giving supersedeas bond. The defendants are the appellants, and they assign as errors that judgment of the court and that part of the judgment against the sureties of the appeal bond.

We find in the record an appeal bond from a justice of the peace court to the circuit court, a summons and complaint, no pleas, the judgment of the circuit court on the verdict of the jury, no bill of exceptions, supersedeas bond on appeal to this court from the judgment of the circuit court, citation of appeal to the Supreme Court to the plaintiff, and return of the sheriff showing its execution. We also find in the transcript a petition by plaintiff to the judge of the District Court of the United States for the Northern District of Alabama, in bankruptcy, seeking an order to be allowed to prosecute this appeal from the justice court to the circuit court to judgment against the defendant, and the sureties on the appeal bond in the circuit court with stay of execution against the defendants; and averring since the judgment in and appeal from the justice court the defendants had gone into bankruptcy involuntarily; and that they had been adjudicated a bankrupt, but had not secured a final discharge in bankruptcy. We also find in the record an order by the judge of the District Court of the United States for the Northern District of Alabama, granting the foregoing petition and stating and ordering:

"The said petitioner, Southern Woodenware Company, Inc., be, and it hereby is, authorized and empowered to prosecute its suit against said bankrupts in the circuit court of Franklin county, Ala., to judgment provided that such judgment (if the same can so be rendered in the said circuit court) shall contain a stay of execution as against said bankrupts pending the granting of a discharge in bankruptcy, such stay of execution to become permanent upon the granting of a discharge. In the event no such special judgment can be rendered in said court, then this leave is revoked."

This petition to and this order of the judge of this District Court of the United States, Northern District of Alabama, appear in this record, not as certified copies of the original, but as if they might be the originals.

The defendants in this case filed no pleas to the complaint. The right of the judge of this District Court of the United States to issue that order was not presented to or questioned before the trial court by pleas or otherwise. There is no bill of exceptions in this case. It appears the defendants without any pleas went to trial on the complaint before a jury. The jury returned a verdict in favor of plaintiff and against the defendants for $71.57. The court then on the verdict rendered judgment against the defendants and the three sureties, naming them, on the appeal bond, in the following form:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Southern Woodenware Company, have and recover of Brown, Webb & Co., J. R. Brown, W. F. Webb, Sol McBrayer and O. M. Hutcherson, defendants, and H. B. Kilpatrick, Hud Rivers, J. M. Bonner, sureties on their appeal bond, the sum of $71.57, together with cost of this cause for which let execution issue, and against this judgment there should be no claim exemption. Execution to be issued only against the sureties on the appeal bond and is stayed as to Brown, Webb & Co., J. R. Brown, W. F. Webb, Sol McBrayer, and O. M. Hutcherson until the bankrupt court passes on the application of Brown, Webb & Co., J. R. Brown, Sol McBrayer, W. F. Webb, and O. M. Hutcherson for final discharge."

[1] This judgment is before us for our consideration on the record proper, with a good complaint, an appeal bond from the justice court to the circuit court, without any pleas and without any bill of exceptions. Is it a valid judgment? The verdict of the jury is in regular form; the judgment of the court on it is in proper form in favor of plaintiff and against the defendants in full accord with the verdict. Neff v. Edwards, 81 Ala. 246, 2 South. 88.

When, on appeal in the circuit court from a judgment of the justice of the peace court, the judgment is affirmed, the judgment must be rendered by the circuit court against the sureties as well as the principals, which must include the costs of the inferior and appellate court. Section 4725, Code 1907; Neff v. Edwards, 81 Ala. 246, headnote 3, 2 South. 88.

This judgment under the complaint, appeal bond of the defendants, and verdict of the jury, was properly rendered against the defendants and the three sureties on their appeal bond. Whittleshoffer v. Strauss et al., 83 Ala. 517, 3 South. 524; section 4725, Code 1907; Neff v. Edwards, 81 Ala. 246, headnote 3, 2 South. 88; Mount v. Stewart, 86 Ala. 365, headnote 3, 5 South. 582.

[2] This part of the judgment is not authorized by statute, section 4725, Code 1907:

"Execution to be issued only against the sureties on the appeal bond and is stayed as to" the defendants "until the bankrupt court passes on the application of" the defendants "for final discharge."

It is erroneous.

[3] The trial court improperly entered this order in the judgment in this cause. The same judgment rendered against the principal in the appeal bond must be rendered against the sureties. Section 4725, Code 1907, and authorities supra. This was done by the court, but the court afterwards without authority, and erroneously, suspended conditionally the judgment against the principals in the appeal bond without making like suspension against the sureties. This renders the judgment erroneous.

[4] It appears from the transcript, as hereinbefore shown, that these defendants had been adjudicated bankrupts in the District Court of the United States in the Northern District of Alabama; but they had not been finally discharged by the court when this case was tried in the circuit court. This appeal was taken by the defendants from the justice of the peace court before the bankruptcy proceedings commenced against them in the United States District Court. The judge of that court granted plaintiff in this case the right to proceed in the circuit court with the trial of this case on appeal, but ordered that if plaintiff obtained judgment therein against these defendants, execution thereon must be suspended pending their final discharge in bankruptcy. Neither the validity nor relevancy of this order is before us for consideration by the pleading or by any ruling of the trial court. However, it was evidently presented to the trial court by the plaintiff for the judgment rendered by it follows its suggestions and orders. When the plaintiff presented this order to the trial court from the federal court, the trial of the cause should not have proceeded; but it should have been stayed by proper order of continuance by the court pending the proceedings for final discharge of the defendants in bankruptcy. Vandiver v. Am. Can. Co., 190 Ala. 352, headnote 6, 67 South. 299; Young v. Howe, 150 Ala. 157, 43 South. 488.

In order that this course may be followed by the trial court in this cause, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.