**Ex parte MASON. (6 Div. 423.)**

(Supreme Court of Alabama. May 28, 1925.)

1. Judgment ⬦119—Courts may render default judgment against codefendant before final hearing of main cause.

Where there are several defendants, the trial court may, as convenience dictates, render judgment by default against nonappearing parties before final hearing, or await the trial and render appropriate judgment as to all parties at that time.

2. Judgment ⬦127—Where rendered against one of several defendants in advance is interlocutory.

A judgment by default, rendered in advance against one of several defendants, is interlocutory, and subject to the control of the court until final judgment in the cause is entered.

3. Ejectment ⬦47 — Landlord held properly joined with tenant as party defendant.

In ejectment, where defendant answered that she was mere tenant, it was proper for plaintiff to join landlord as party defendant, in view of Code 1923, §§ 7454, 7458, and of 7459, relating to damages for detention; he being entitled to litigate his right of possession by tenant.

4. Ejectment ⬦120(1)—Writ of possession not issuable on interlocutory judgment against tenant only.

In ejectment against a landlord and his tenant, a default judgment under Code 1923, § 7770, for failure to answer certain interrogatories propounded under section 7764, was entered against tenant, *held*, that the judgment being interlocutory did not warrant the issue to plaintiff of a writ of possession; suit against the landlord defendant still pending.

Petition for a writ of mandamus by Enos Mason to Hon. Joe C. Hail, Judge of the Circuit Court of Jefferson County, requiring him to vacate a default judgment, or to make an order staying execution of a writ of possession. Writ granted.

The following is the substance of the petition:

On November 12, 1921, Louise Marx filed suit in the nature of ejectment against Dolly Mason Craig and Mary Scott. On June 4, 1923, defendant Craig filed verified motion in the cause suggesting that she was a mere tenant occupying the premises sued for and that Enos Mason, petitioner, was the owner thereof. Mason, it is averred, was then and still is the owner of the property. Thereupon the complaint was amended making petitioner a party defendant, and alias summons and complaint served upon him on October 2, 1923. On November 1, 1923, petitioner appeared in the cause and demurred to the complaint and demanded trial by jury. On April 12, 1924, on motion of plaintiff, an order was made requiring defendant Craig to answer more fully certain interrogatories propounded to her. On April 25, 1924, default judgment was entered against defendant Craig for failure to answer more fully said interrogatories. Thereafter defendant Craig moved to set aside said default judgment, and an order was made setting same aside upon payment of costs within 60 days. The costs were paid on August 28, 1924, the 61st day. Thereupon a writ of possession was issued upon said default judgment, but before service further motion was filed by defendant Craig, and an order was made by the court staying execution until hearing of the motion. Petitioner likewise made a motion to set aside judgment by default and stay writ of execution until trial of the main case against him, by a jury. These motions were continued from time to time and were, by the court, overruled on March 26, 1925.

Mandamus is prayed to be issued to Hon. Joe C. Hail, the judge who presided in the cause, requiring him to vacate the judgment by default against defendant Craig and to hold same null and void in so far as it affects the rights of petitioner, or to make and enter an order staying execution of the writ of possession until final trial of the suit as against petitioner.

Erle Pettus, of Birmingham, for appellant.

The judgment here is interlocutory, and cannot be made final until judgment is rendered against the other defendant. There can be only one final judgment in the cause. 23 Cyc. 765; Long v. Gwin, 188 Ala. 197, 66 So. 88; 33 C. J. 1103, 1124, 1193. The landlord cannot be substituted for the defendant, but he is entitled to defend. The tenant is

kept as a party for the purpose of taxing rents. Farr v. Perkins, 173 Ala. 500, 55 So. 923; Code 1923, § 7458; 19 C. J. 1098; 9 R. C. L. 889; McClendon v. Equitable Mortg. Co., 122 Ala. 384, 25 So. 30; Leath v. Cobia, 175 Ala. 435, 57 So. 972. The default judgment against the tenant alone is void, and should have been set aside. 9 R. C. L. 916; Tennessee C. I. & R. Co. v. Wise, 159 Ala. 632, 49 So. 253; Code 1923, § 7459; Wisdom v. Reeves, 110 Ala. 421, 18 So. 13.

J. P. Mudd, of Birmingham, for appellee.

The judgment against the tenant binds the landlord also. Code 1923, §§ 7454, 7466; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51; 34 C. J. 990, 1019; 19 C. J. 1097; 9 R. C. L. 887; 39 Am. Dec. 311; Smith v. Gayle, 58 Ala. 600; Black on Judgments, 871; Thompson v. Ives, 11 Ala. 239.

BOULDIN, J. Landlord and tenant may be joined as parties defendant in statutory ejectment. Code 1923, § 7454.

If the tenant in possession is sued alone, he may, on motion cause the landlord, if a resident, to be brought in as a joint defendant, or the landlord may, on application, be made such defendant. Code 1923, § 7458.

The tenant, the person in actual possession, is a necessary party, and the statute does not work a substitution of the landlord as sole defendant. If judgment goes for plaintiff, the tenant's liability for damages for detention is limited to the rent in arrears at the commencement of the suit and which may accrue during the continuance of his possession. Code 1923, § 7459; Holland v. Pattillo, 205 Ala. 221, 87 So. 341; Leath v. Cobia, 175 Ala. 435, 57 So. 972; McClendon v. Equitable Mtg. Co., 122 Ala. 384, 25 So. 30; Morris v. Beebe, 54 Ala. 300.

A tenant sued alone may defend upon the title and right of possession of his landlord, but a judgment against him does not bind the landlord, subject to the general rule that any one entering into possession under the defendant pending the suit may be ousted under writ of possession running against the defendant. Smith v. Gayle, 58 Ala. 600.

The purpose of the statutes authorizing the joinder of the landlord as party defendant in the first instance, or the bringing him in thereafter, is to bind him for the judgment, or permit him to defend the suit in his own right. Farr v. Perkins, 173 Ala. 500, 509, 55 So. 923.

In the early case of Dearing v. Smith, 4 Ala. 432, it was declared that when several defendants are sued, some of whom make default, while others appear and litigate, no judgment should be rendered against those in default until verdict is returned and judgment be then rendered as to all. It was said, however, that judgments entered separately would be treated as one and were amendable nunc pro tunc.

In a still earlier case (Brooks v. Maltbie, 4 Stew. & P. 96) it seems the practice of rendering the judgment by default in advance of the trial by those appearing in the cause was approved, but it was declared a failure to do so, followed by continuances of the case, worked no discontinuance, and judgment was properly rendered as to all defendants on the trial. See, also, Mobile & Montgomery R. R. Co. v. Smith, 51 Ala. 329.

In the later case of Long v. Gwin, 188 Ala. 197, 66 So. 88, it was declared that taking judgment by default against those not appearing worked no discontinuance as to those litigating the case; and it was further said:

"In such case the judgment by default is, in its nature, interlocutory, to await disposition of the case as to the other defendants."

The action in that case was on a joint and several obligation, and it was held the judgment by default became final when judgment was rendered against the defendants who appeared and litigated their liability. This appears to be the general rule. 34 C. J. p. 150, § 356. It is not the practice of courts of law to dispose of causes piecemeal by rendering separate final judgments, at different times, as to the several defendants.

[1, 2] Following the rules which have been announced, we hold that a trial court may, as convenience dictates either render judgment by default against the nonappearing parties before final hearing, or await the trial and render appropriate judgment as to all parties at that time. If judgment by default is rendered in advance, it is interlocutory and subject to the control of the court until the final judgment in the cause is entered.

Section 7764 of the Code of 1923 authorizes a discovery at law by filing interrogatories to the opposite party. Section 7770 empowers the court, among other things, to direct a judgment by default against a party failing to answer. The court may also attach the party and require him to answer. There is nothing in the statute to indicate a judgment by default may not be entered thereunder against one of several defendants; neither does it appear the judgment by default shall have other or greater effect than a judgment entered for nonappearance. It cannot be fairly assumed such judgment is to be visited upon other parties defendant not in default.

[3] In the case at bar, the landlord was properly brought in and became codefendant. He is entitled to litigate his right of possession, which includes the right to hold possession by his tenant. He is entitled to have the status of possession remain until the plaintiff has established his right of possession.

[4] Upon failure of the tenant defendant to answer the interrogatories propounded under the statute, pursuant to the order of the court, it was within the power of the court to enter a judgment by default, the penalty imposed by statute. The party, thus in contempt, was thereby barred from further defending as an active litigant. But the judgment was interlocutory, and did not warrant the issuance of a writ to put the plaintiff in possession while the cause is still pending against the landlord defendant. On motion by him this writ should have been quashed. If on the trial the landlord successfully defends his right of possession, and judgment goes accordingly, this will also establish his right to retain possession by his tenant. In such event judgment should go for both defendants as to the land sued for, and the judgment entered by default against the tenant should be then vacated.

The petitioner is entitled to mandamus as prayed to quash the writ of possession. The trial judge will enter the proper order to that end on advice of this opinion.

Mandamus granted.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.