Appellee Steve Carmichael brought suit against Appellant Ford Motor Credit Company and Appellant's employee, Mercer Jones (not directly involved in this appeal), alleging that Defendants wrongfully converted personal property left in Appellee's automobile when the vehicle was repossessed by Defendants.
Service was made on Ford Motor Credit Company by certified mail on January 26, 1978. Co-defendant Jones was never served and never entered an appearance. On February 27, 1978 (32 days after service), Carmichael applied for entry of default against Ford Motor Credit Company, which was made on that date by the Circuit Clerk. On February 28, the Court entered a default *Page 541 
judgment against Ford Motor Credit Company for $15,000. No disposition was made as to co-defendant Jones until October 20, 1978, when, upon Plaintiff's motion, he was dismissed from the case.
Some five months after entry of the default judgment, on August 2, 1978, Appellant Ford Motor Credit Company filed a Rule 60 (b) motion to set aside the default judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." After a hearing on the motion, the Court, on October 5, 1978, overruled the motion on the condition that the Plaintiff file a remittitur reducing the judgment to $5,000. Plaintiff so filed and a final order was entered by the Court upon the remittitur. Ford Motor Credit Company appealed to the Court of Civil Appeals, which held that the trial Court was "without authority to take the action it took regarding the remittitur" and remanded to the trial Court for proper consideration of Defendant's Rule 60 (b) motion. See Ford Motor Credit Companyv. Carmichael, 373 So.2d 1121 (Ala.Civ.App. 1979).[1]
Upon remand, the trial Court dismissed the Rule 60 (b) motion, and reinstated the $15,000 judgment on the grounds that Appellant's motion was barred as having come more than four months after entry of the default judgment. Ford Motor Credit Company appeals, alleging the trial Court erred in determining the four-month period from the date of entry of the judgment rather than from the date on which the judgment was rendered final which, according to Appellant, was not until October 20, 1978, when final disposition was made as to co-defendant Jones. We agree.
Rule 60 (b), ARCP, states in pertinent part:
 "(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. . . ." (Emphasis added.)
By its terms, the Rule makes clear that it applies only to final judgments; and interlocutory orders and judgments are not subject to the restrictive provisions of the Rule until they become final. See 6A Moore's Federal Practice, ¶ 60.01 (1) at 4008-4009; 7 Moore's Federal Practice, ¶ 60.20 at 242. It follows, therefore, that where an interlocutory order or judgment is made final, the four-month period of the Rule is computed from the time of final judgment, and that the effect of the second sentence of the Rule, quoted above, is that the motion for reasons (1), (2), and (3) must be made within a reasonable time and in any event not more than four months after the final judgment, order, or proceeding was entered or *Page 542 
taken. See, 7 Moore's Federal Practice, ¶ 60.28 (2), note 36 at 339.[2]
A judgment by default is ordinarily final and subject to Rule 60 (b) at the time of its entry. 6A Moore's Federal Practice, ¶ 60.03 (5), at 4032; 7 Moore's Federal Practice, ¶ 60.28 (2), note 36 and accompanying text at 399. But a judgment by default, rendered in advance against one of several defendants, is interlocutory, until final disposition is made as to all the defendants. Ex parte Mason, 213 Ala. 279, 104 So. 523 (1925);Long v. Gwin, 188 Ala. 196, 66 So. 88 (1914). It follows, therefore, that, where an action involves multiple claims or parties, any adjudication which adjudges fewer than all of the claims or parties is, absent a Rule 54 (b) order, interlocutory, Rule 54 (b), ARCP, Chambers v. Chambers,356 So.2d 634 (Ala. 1978); and the terms and limitations of Rule 60 (b) do not apply. 6A Moore's Federal Practice, ¶ 60.03 (4), at 4031-4032; 7 Moore's Federal Practice, ¶ 60.20, at 243.
In the instant case, the trial Court entered a default judgment against Appellant Ford Motor Credit Company on February 28, 1978. No Rule 54 (b) order was entered by the Court with respect to this adjudication, with the result that judgment remained interlocutory until October 20, 1978, when the Court dismissed Appellant's co-defendant, thereby rendering the adjudication final. Appellant's Rule 60 (b) motion was made on August 2, 1978, some five months after entry of the default judgment but well in advance of when the judgment became final. It follows, therefore, that the trial Court erred in dismissing Appellant's Rule 60 (b) motion for failure to bring the motion within the four-month period, after entry of final judgment, allowed by the Rule. Accordingly, Appellant is entitled to a hearing on the merits of the motion. We hold, therefore, that the trial Court erred to reversal in denying the Rule 60 (b) motion on the stated ground, and this cause is due to be remanded to the trial Court for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] We recognize that this motion, at the time it was originally filed, was more properly a Rule 55 motion to set aside a default judgment. As a Rule 60 (b) motion, it was prematurely filed and prematurely ruled upon in the first instance by the trial Judge. However, we deem it to be properly before us now as a 60 (b) motion. Upon remand of this cause after appeal to the Court of Civil Appeals, the motion was ruled upon as a ripe motion at trial level. It has been treated and accepted as such by all parties; and, given its current posture, we accept it for our consideration as a 60 (b) motion.
[2] It can be noted, also, that the doctrine of laches, or delay, applies to a Rule 60 (b) motion. Thus, if a motion for relief under clause (1), or (2), or (3) is not made "within a reasonable time," it will be denied although made within the maximum four-month period after final judgment. See, 7 Moore'sFederal Practice, ¶ 60.28 (2), note 34 and accompanying text at 397.